**Affirmed as Modified and Opinion on Remand filed June 10, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00653-CR

---

### BENNETT KEITH O'BANNON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1310491**

---

## OPINION ON REMAND

Appellant Bennett Keith O'Bannon appeals his conviction for indecency with a child. On original submission, appellant argued (1) the trial court reversibly erred in allowing the State to present testimony from two outcry witnesses regarding the same alleged conduct; (2) the judgment is invalid because it contained sheriff's fees that are not supported by the record; (3) the assessed DNA court costs are unconstitutional as a matter of law; and (4) the trial court erred in not granting a hearing on appellant's motion for new trial or motion in arrest of judgment. In a single cross-issue, the State asked the court to modify the judgment

to correct the amount of jail time credited to appellant's sentence. We modified the trial court's judgment to delete the specific amount of costs assessed and reflect jail time credited from July 8, 2011, through July 11, 2012. *O'Bannon v. State*, No. 14-12-00653-CR; 2013 WL 4806994 (Tex. App.—Houston [14th Dist.] Sept. 10, 2013), *vacated and remanded*, No. PD-1346-13; 2014 WL 1512960 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

**Sheriff's Fees**

In his second issue appellant argues the judgment is invalid because it contains fees from the sheriff that are erroneous and unsupported. On April 28, 2014, this court received a supplemental clerk's record containing a certified bill of costs listing, among other costs, $110 for "Summoning Witness/Mileage." The record reflects that 11 witnesses were summoned. Article 102.011(a)(3) of the Texas Code of Criminal Procedure requires that a defendant pay $5 for each witness summoned. Both parties agree, and the record supports, that 11 witnesses were summoned at three different times.

Appellant argues, "Either the cost is $55 or $165. The Sheriff's fee of $110 is wholly unsupported by any documentation." We disagree. Although the sheriff's fee could have been as much as $165, the record reflects that 11 witnesses were summoned at least twice, which supports the cost of $110. Because the cost of $110 for summoning witnesses is supported by the record, we overrule appellant's second issue.

**DNA Testing Fee**

In his third issue appellant contends the judgment is invalid because the

assessed DNA Testing Fee is unconstitutional as a matter of law. The certified bill of costs in the supplemental clerk's record lists, among other costs, $250 for a "DNA Testing Fee." This fee is authorized by article 102.020 of the Texas Code of Criminal Procedure, entitled, "Costs Related to DNA Testing." As pertinent here, article 102.020 provides:

> (a) A person shall pay as a cost of court:
>
> (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code;
>
> *****
>
> (h) Except as provided by Subsection (h-1), the comptroller shall deposit 35 percent of the funds received under this article in the state treasury to the credit of the state highway fund and 65 percent of the funds received under this article to the credit of the criminal justice planning account in the general revenue fund.

Tex. Code Crim. Proc. art. 102.020.

Appellant argues that article 102.020(h) is facially unconstitutional under the separation of powers clause of the Texas Constitution, which provides:

> DIVISION OF POWERS; THREE SEPARATE DEPARTMENTS; EXERCISE OF POWER PROPERLY ATTACHED TO OTHER DEPARTMENTS. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

According to appellant, the uses specified in article 102.020(h) for the DNA Testing Fee collected under article 102.020(a)(1) are not properly characterized as costs of court; therefore, appellant contends that article 102.020(h) impermissibly

requires the judicial branch to perform an executive function by collecting a tax.

Appellant argues that while the DNA fee might be considered a necessary expense for DNA testing, the fee neither goes toward DNA testing or for the functions of the courts. Instead, 35 percent of the fee goes to the state highway fund, and 65 percent to the criminal justice planning account in the general revenue fund. Appellant thus contends that the statute impermissibly compels courts to collect a tax in violation of separation of powers principles.

In addressing a constitutional challenge, this court "must begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). The party challenging the statute "has the burden to establish its unconstitutionality." *Id*. "[T]o prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances." *Id*.

Appellant principally relies on *Ex parte Carson*, 143 Tex. Crim. 498, 159 S.W.2d 126, 127 (1942), to meet this burden. *Carson* invalidated a statute requiring the collection of $1 in costs in civil and criminal cases in certain counties to fund law libraries in those counties. *Id*. The Court of Criminal Appeals invalidated the statute because (1) the $1 cost was "neither necessary nor incidental to the trial of a criminal case [and thus was] not a legitimate item to be so taxed" against a criminal defendant; (2) the statute was a local or special law, which the state legislature was not authorized to enact; and (3) collection of this cost only from defendants in certain counties was discriminatory. *Id*. at 127, 129–30. Noting the conflicting decisions on the issue of what can be considered a proper cost in the trial of a case, the court noted:

On one side the courts take the view that the costs may be taxed as a

proper item because the money is used in the establishment and maintenance of a law library which, it is stated, is a legitimate charge on the litigants. We find ourselves unable to accept that view. Such reasoning would lead into fields of expenditures which may as well include the cost of the court houses, the automobiles which officers use to apprehend criminals and even the roads upon which they ride. If something so remote as a law library may be properly charged to the litigant on the theory that it better prepares the courts and the attorneys for the performance of their duties, it occurs to us that we might as logically tax an item of cost for the education of such attorneys and judges and even the endowments of the schools which they attend. Many other illustrations might be used appropriately to show the fallacy of such contention and the inevitable result that litigation in the courts would be prohibitive. We, therefore, conclude, as several states have, that the tax imposed by the bill is not and cannot be logically considered a proper item of cost in litigation, particularly in criminal cases.

*Id.* at 127.

Earlier this year, a divided panel of this court upheld "consolidated court costs"[1] in the face of a similar constitutional challenge. *See Salinas v. State*, 426 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). In *Salinas*, appellant also relied on the holding in *Carson* to support his assertion that the separation of powers doctrine prohibited assessment of court costs that were not necessary or incidental to the trial of a criminal case. *Id*. at 326. We agree with the majority's assertion that "[t]here is room to discuss whether *Carson* can bear the weight appellant would have it carry. *Carson*'s passing discussion of whether the $1 fee constitutes a 'tax' [the entirety of which is quoted above] is both abbreviated and bereft of citations to supporting authority." *Id.*

Assuming arguendo that *Carson* requires a statute imposing court costs to be

---

[1] Tex. Loc. Gov't Code § 133.102.

5

"necessary or incidental to the trial of a criminal case,"[2] appellant's facial constitutional challenge to section 102.020(h) fails.

In this case, as in *Salinas*, appellant has failed to satisfy his burden to show that the statute is invalid in all possible applications because he has not established how the funds will be used once they are distributed to the state highway fund and the criminal justice planning account. Appellant draws inferences from the fact that the criminal justice planning account is established by the governor's office, and that the funds flow "directly to the executive branch and [are] used for policy purposes." With regard to the portion of the cost that is directed to the state highway fund, appellant infers from the title of the fund that the funds collected will not be used for purposes necessary or incidental to DNA collection or testing.

A review of the statutes related to DNA collection and costs reveals that the funds collected as a DNA Testing Fee are sufficiently related to the collection and testing of DNA in criminal cases. Article 102.020 requires assessment of a DNA Testing Fee of "$250 on conviction of an offense listed in Section 411.1471(a)(1) of the Government Code." Tex. Code Crim. Proc. art. 102.020. Section 411.1471, entitled "DNA Records of Persons Charged with or Convicted of Certain Felonies" requires a defendant to "provide to a law enforcement agency one or more specimens for the purpose of creating a DNA record." Tex. Gov't Code § 411.1471(b). It also requires law enforcement agencies to preserve the specimen and maintain a record of the collection of the specimen. *Id.* § 411.1471(d). Article 102.056(e) of the Code of Criminal Procedure, titled "Distribution of Funds," permits grants from the criminal justice planning account to the Department of Public Safety "for expenses incurred in performing duties imposed . . . under Section 411.1471." Therefore, we cannot say that the 65 percent of the DNA

---

[2] *Carson*, 159 S.W.2d at 130.

Testing Fee that is distributed to the criminal justice planning account is so unrelated to the collection and maintenance of DNA records that it could be considered a "tax" under *Carson*.

With regard to the remaining 35 percent directed toward the state highway fund, those funds are to be used, among other uses, "by the Department of Public Safety to police the state highway system and to administer state laws relating to traffic and safety on public roads." Tex. Transp. Code § 222.001(a)(3). One of the functions performed by DPS is establishment and maintenance of "a computerized database that serves as the central depository in the state for DNA records." Tex. Gov't Code § 411.142(a). Therefore, these inter-connected provisions permit the DNA Testing Fee to be redistributed through the state highway fund to the Department of Public Safety for legitimate criminal justice purposes.

Because appellant has failed to satisfy his burden to show that the statute is invalid in all possible applications, we overrule appellant's third issue.

**Hearing on Motion for New Trial**

In his fourth issue appellant argues the trial court erred in not granting a hearing on the motion for new trial or the motion in arrest of judgment.

Appellant filed a motion for new trial in which he argued the sheriff's fee discrepancy and the constitutionality of the DNA Testing Fee. Attached to the motion was (1) the court's judgment; (2) a computer printout of the costs assessed; (3) the order to the sheriff's office to prepare and provide a copy of the sheriff's fee record; (4) the sheriff's fee record; (5) an order to include a bill of costs in the appellate record; and (6) copies of the subpoenas issued. Appellant also filed a motion in arrest of judgment in which he made identical arguments and attached identical documents as those made and attached to the motion for new trial.

7

Appellant properly presented the motions and requested a hearing. Neither motion contains an affidavit stating which matters are not determinable from the record. The trial court denied appellant's request for a hearing.

While not required by statute, if a motion for new trial alleges facts outside the record, it must be supported by an affidavit. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.); *see* Tex. R. App. P. 21.2. A motion for new trial alleging facts outside the record unsupported by affidavit is fatally defective, and the trial court does not err in refusing to entertain such motion. *Bearden*, 648 S.W.2d at 690; *Flores*, 18 S.W.3d at 798.

We conclude that the trial court did not abuse its discretion in not granting appellant a hearing and overrule appellant's fourth issue.

The court's opinion in *Johnson* did not affect this court's original disposition of appellant's first issue and the State's cross-point. For that reason, we adhere to our original disposition in parts I and IV of our previous opinion. *See O'Bannon v. State*, No. 14-12-00653-CR; 2013 WL 4806994 at *1, *4.

We modify the trial court's judgment to reflect jail time credited from July 8, 2011, through July 11, 2012. We affirm the judgment as modified.

/s/    Marc W. Brown
Justice

Panel consists of Justices Christopher, McCally, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

8