FILED IN
COURT OF CRIMINAL APPEALS

April 9, 2015

ABEL ACOSTA, CLERK

pd-0100-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/9/2015 10:44:45 AM
Accepted 4/9/2015 11:00:32 AM
ABEL ACOSTA
CLERK

Nos. PD-0100-15 & 0101-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

OSMIN PERAZA, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Harris County

\*  \*  \*  \*  \*

**STATE'S BRIEF ON THE MERITS**

\*  \*  \*  \*  \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# NAMES OF ALL PARTIES TO THE TRIAL COURT'S JUDGMENT

Trial Judge: **Hon. Jan Krocker**.

Appellant: **Osmin Peraza**.

Appellee: **The State of Texas**.

Trial Counsel for Appellant: **Emily DeToto**, 3000 Smith, Suite 4, Houston, Texas 77006.

Appellate Counsel for Appellant**: Jani Maselli Wood**, Assistant Public Defender, 1201 Franklin St, 13th Floor, Houston, Texas 77002.

Trial Counsel for the State: **Sarah Bruchmiller**, Assistant District Attorney,1201 Franklin, 6th Floor, Houston, Texas 77002.

Appellate Counsel for the State: **Jessica Akins**, Assistant District Attorney,1201 Franklin, 13th Floor, Houston, Texas 77002, and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      The First Court of Appeals erred by finding the DNA record fee is an
      unconstitutional tax that violates the separation of powers clause.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-15

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX OF AUTHORITIES

*Crocker v. Finley*, 459 N.E.2d 1346 (Ill. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942) . . . . . . . . . . . . 3, 10-12

*LeCroy v. Hanlon*, 713 S.W.2d 335 (Tex. 1986). . . . . . . . . . . . . . . 12-13, 13 n.8

*O'Bannon v. State*, 435 S.W.3d 378 (Tex. App.– Houston [14th Dist.] 2014) . . . 12

*Peraza v. State*, No. 01-12-00069-CR and No. 01-12-00691-CR, 2014 Tex. App. 13915 (Tex. App. –Houston [1st Dist. ] 2014). . .. . . . . . . . . . . . . . . . . . *passim*

*Salinas v. State*, 426 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2014, pet. granted). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Claborn*, 870 P.2d 169 (Okla. Crim. App. 1994).. . . . . . . . . . . . . 11, 13, 15

*State v. Rhine*, 297 S.W.3d 301 (Tex. Crim. App. 2009)... . . . . . . . . . . . . . . . . . 14

*State v. Rosseau*, 396 S.W.3d 550 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . 12

*State v. Vasilas*, 253 S.W.3d 268 (Tex. Crim. App. 2008).. . . . . . . . . . . . . . . . . 7

*State v. Young*, 238 So.2d 589 (Fla. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Tussey v. State*, 494 S.W.2d 866 (Tex. Crim. App. 1973). . . . . . . . . . . . . . . 14 n.9

*Weir v. State*, 278 S.W.3d 364 (Tex. Crim. App. 2009).. . . . . . . . . . . . . . . . . . 11

**Constitution**

TEX. CONST. Art. III, § 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Statutes**

TEX. CODE CRIM. PROC. art. 102.004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. CODE CRIM. PROC. art. 102.011(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . 15 n.11

TEX. CODE CRIM. PROC. art. 102.011(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . 15 n.12

TEX. CODE CRIM. PROC. art. 102.020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TEX. CODE CRIM. PROC. art. 102.020(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. CODE CRIM. PROC. art. 102.020(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. CODE CRIM. PROC. art. 102.020(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TEX. CODE CRIM. PROC. art. 102.056. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

TEX. CODE CRIM. PROC. art. 102.056(a). . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

TEX. CODE CRIM. PROC. art. 102.056(c) . . . . . . . . . . . . . . . . . . . . . . . . 9-10 n.7

TEX. GOV'T CODE § 102.021(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. GOV'T CODE § 2309.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 n.5

TEX. GOV'T CODE § 311.032. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 n.9

TEX. GOV'T CODE § 411.0205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.3

TEX. GOV'T CODE § 411.142. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.2

TEX. GOV'T CODE § 411.143(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE § 411.143(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. GOV'T CODE § 411.145(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

TEX. GOV'T CODE § 411.1471. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.3

TEX. GOV'T CODE § 411.1471(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. GOV'T CODE § 772.006 (a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. LOC. GOV'T CODE. § 133.102.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 n.13

TEX. TRANSP. CODE § 222.003(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 7 n.6

**Websites**

http://gov.texas.gov/financial-services/grants/. . . . . . . . . . . . . . . . . . . . . . . . 5 n.4

http://gov.texas.gov/files/cjd/AppendixB_CJD_Guide_to_Grants_v6.pdf . . . 5 n.4

Nos. PD-0100-15 & 0101-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

OSMIN PERAZA,                                                                 Appellant

v.

THE STATE OF TEXAS,                                                        Appellee

* * * * *

**STATE'S BRIEF ON THE MERITS**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents to this Court its brief on

the merits.

## STATEMENT REGARDING ORAL ARGUMENT

The Court granted argument, and the State Prosecuting Attorney requests it.

## STATEMENT OF THE CASE

Appellant was convicted of two counts of aggravated sexual assault of a

child. The Court of Appeals affirmed the convictions but modified the judgments

to delete a $250 fee from the court costs. *Peraza v. State*,__S.W.3d__, Nos. 01-

12-000690-CR, 01-12-00691-CR, 2014 Tex. App. LEXIS 13915 (Tex. App.

1

–Houston [1ˢᵗ Dist.] 2014).  This Court granted the Harris County District Attorney's petition for discretionary review on March 25, 2015, and ordered the State's brief to be filed on or before April 9, 2015.  The State Prosecuting Attorney's motion to substitute counsel was granted on April 8, 2015.

## ISSUE PRESENTED

The First Court of Appeals erred by finding the DNA record fee is an unconstitutional tax that violates the separation of powers clause.

## STATEMENT OF FACTS

Appellant was indicted for two counts of aggravated sexual assault of a child.  CR: 2.  He pled guilty without an agreed recommendation, and the trial court sentenced him to 25 years in each case. CR: 75.  The court costs assessed against him included a $250 "DNA record fee."  CR: 78.  Appellant challenged this fee in his motion for new trial and motion in arrest of judgment. CR: 94, 120.  These motions were denied without a hearing.  CR: 117, 119, 143, 145.

## SUMMARY OF THE ARGUMENT

TEX. CODE CRIM. PROC. art. 102.020, a presumptively constitutional statute, imposes a fee for those defendants who are required to submit a  DNA specimen.  It pays, in part, for the costs associated with collecting, analyzing, and storing DNA samples, as well as other costs reasonably related to the administration of the criminal justice system.  A fee need not be "necessary or incidental to a criminal trial" to be

constitutional.  The DNA fee is not a "tax," but even if it could be properly categorized as such, the statute requiring its imposition does not violate the separation of powers doctrine and should be upheld.

## ARGUMENT

The First Court of Appeals held that TEX. CODE CRIM. PROC. art. 102.020, "Costs related to DNA testing," authorizes an unconstitutional tax because the costs it imposes are not "necessary or incidental to a criminal trial."  *Peraza*, 2014 Tex. App. LEXIS 13915, at *33-34, *citing Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942).  The court did not explain what part of the Constitution it believes the statute violates or how it imposes a "tax."[1]

**The Statutes**

Article 102.020(a)(1) authorizes a $250 court cost for persons convicted of an offense listed in TEX. GOV'T CODE § 411.1471(a)(1), which includes aggravated sexual assault.  Of the total funds collected by the comptroller, 35% is deposited in the state treasury to the credit of the state highway fund and 65% is deposited in the general revenue fund to the credit of the criminal justice planning account.  TEX.

---

[1]Appellant's brief in the court of appeals argued that a court cost that is not necessary or incidental to a criminal trial is a "tax" and, because "tax collection" is an executive function, it violates the separation of powers clause to have courts perform that function.  Appellant's brief at 14-17.

3

CODE CRIM. PROC. art. 102.020(h).

State Highway Fund

TEX. GOV'T CODE § 411.145(c) provides: "[M]oney deposited to the state highway fund under this section and under Articles 42.12 and 102.020(h), Code of Criminal Procedure, may be used only to defray the cost of administering this subchapter[2] and Section 411.0205."[3]

 "The principal purpose of the DNA database is to assist a federal, state, or local criminal justice agency in the investigation or prosecution of sex-related offenses or other offenses in which biological evidence is recovered." TEX. GOV'T CODE § 411.143(a). "In criminal cases, the purposes of the DNA database are only for use in the investigation of an offense, the exclusion or identification of suspects or offenders, and the prosecution or defense of the case." TEX. GOV'T CODE §

---

[2]"This subchapter" is subchapter G of section 411, entitled "DNA database system." The DNA database is "a computerized database that serves as the central depository in the state for DNA records." TEX. GOV'T CODE § 411.142. A defendant who is indicted or waives indictment for, *inter alia*, aggravated sexual assault is required to "provide to a law enforcement agency one or more specimens for the purpose of creating a DNA record." TEX. GOV'T CODE § 411.1471. Law enforcement agencies taking a specimen must preserve it, make a record of its collection, and either test it or send it to DPS for testing. *Id*. Pursuant to this provision, the trial court ordered Appellant to provide a specimen of his DNA. CR:11.

[3]*See* TEX. GOV'T CODE § 411.0205, Crime Laboratory Accreditation Process.

4

411.143(b).

Criminal Justice Planning Account

The criminal justice planning fund is administered by the criminal justice division of the governor's office. TEX. GOV'T CODE § 772.006(a)(2).[4] Its funds are to be distributed in accordance with TEX. CODE CRIM. PROC. art. 102.056, which provides:

> (a) The legislature shall determine and appropriate the necessary amount from the criminal justice planning fund to the criminal justice division of the governor's office for expenditure for state and local criminal justice projects and for costs of administering the funds for the projects. The criminal justice division shall allocate not less than 20 percent of these funds to juvenile justice programs. The distribution of the funds to local units of government shall be in an amount equal at least to the same percentage as local expenditures for criminal justice activities are to total state and local expenditures for criminal justice activities for the preceding state fiscal year. Funds shall be allocated among combinations of local units of government taking into consideration the population of the combination of local units of government as compared to the population of the state and the incidence of crime in the jurisdiction of the combination of local units of government as compared to the incidence of crime in the state. All funds collected are subject to audit by the comptroller of public accounts. All funds expended are subject to

---

[4]According to the governor's office website, grants awarded from the criminal justice planning fund "support a wide range of projects designed to reduce crime and improve the criminal juvenile justice systems. http://gov.texas.gov/financial-services/grants/. *See also* http://gov.texas.gov/files/cjd/AppendixB_CJD_Guide_to_Grants_v6.pdf (p. B-11. Listing "eligible activities" for grant recipients of the criminal justice planning fund in three categories: juvenile justice, victim services, and criminal justice).

audit by the State Auditor. All funds collected or expended are subject to audit by the governor's division of planning coordination.

(b) The legislature may appropriate any unobligated balance of the criminal justice planning fund for any court-related purpose.

(c) Notwithstanding any other provision of this article, the criminal justice division shall allocate to a local unit of government or combination of local units of government located in an impacted region occurring as the result of the establishment of a significant new naval military facility an amount that exceeds by 10 percent the amount it would otherwise receive under this article.

(d) In this article, "significant new naval military facility" and "impacted region" have the meanings assigned by Section 4, Article 1, National Defense Impacted Region Assistance Act of 1985.[5]

(e) The legislature shall determine and appropriate the necessary amount from the criminal justice planning account to the criminal justice division of the governor's office for reimbursement in the form of grants to the Department of Public Safety of the State of Texas and other law enforcement agencies for expenses incurred in performing duties imposed on those agencies under Section 411.1471 or Subchapter B-1, Chapter 420, Government Code, as applicable. On the first day after the end of a calendar quarter, a law enforcement agency incurring expenses described by this subsection in the previous calendar quarter shall send a certified statement of the costs incurred to the criminal justice division. The criminal justice division through a grant shall reimburse the law enforcement agency for the costs not later than the 30th day after the date the certified statement is received. If the criminal justice division does not reimburse the law enforcement agency before the 90th day after the date the certified statement is received, the agency is not required to perform duties imposed under Section 411.1471 or Subchapter B-1, Chapter 420, Government Code, as applicable, until the agency has been compensated for all costs for which the agency has submitted a certified

---

[5]*See* TEX. GOV'T CODE § 2309.001.

statement under this subsection.

**Analysis of the Statutes**

The court of appeals first noted that the state highway fund can be used by the Texas Department of Transportation for roads or other non-criminal-law purposes. *Peraza*, 2014 Tex. App. LEXIS 13915, at *13-18, *citing* TEX. TRANSP. CODE § 222.003(a).[6]  Therefore, it held that the portion of Article 102.020 costs that are credited to the State highway fund are not incidental or necessary to a criminal trial. *Id.*

TEX. GOV'T CODE § 411.145(c) provides: "[M]oney deposited to the state highway fund under this section and under Articles 42.12 and 102.020(h), Code of Criminal Procedure, may be used only to defray the cost of administering [the DNA database and Crime Laboratory Accreditation]." Although the Transportation Code provision is inconsistent with section 411.145, in the event of an irrevocable conflict between statutes, the specific controls over the general.  *See State v. Vasilas*, 253 S.W.3d 268, 271-72 (Tex. Crim. App. 2008) (discussing doctrine of *in pari materia*). The two provisions at issue here can be reconciled to mean:

---

[6]"Money in the state highway fund that is not required to be spent for public roadways by the Texas Constitution or federal law may be used for any function performed by the [D]epartment [of Transportation]." TEX. TRANSP. CODE § 222.003(a).

Money in the state highway fund may be used for any function performed by the Department of Transportation if it:
1) is not required to be spent for public roadways by the Texas Constitution or federal law, or
2) has not been deposited under TEX. GOV'T CODE § 411.145, TEX. CODE CRIM. PROC. art. 42.12, or TEX. CODE CRIM. PROC. art. 102.020(h).

If these provisions cannot be reconciled in this manner, the language in the Government Code limiting spending to a particular use controls over the more general language in the Transportation Code that permits spending for any use.

The court of appeals acknowledged that section 411.145(c) permits funds collected under article 102.020(h) to be used only to defray the cost of administering the DNA database system. However, it observed that the DNA database is not limited to criminal law uses and has a wide variety of non-criminal-law purposes, such as "assisting in the recovery or identification of human remains from a disaster or for humanitarian purposes." *Peraza*, 2014 Tex. App. LEXIS 13915, at *20. This assumes, however, that state highway funds are expended when a police department uses the DNA database to assist in the recovery of human remains. The court of appeals' determination that article 102.020 funds are used for non-criminal law purposes is speculative.

The court of appeals also suggested that costs associated with the DNA database, such as auditing, improving reporting and accuracy, and providing training

8

for collection of DNA samples, are not "necessary [or] incidental to the trial of a criminal case." *Id*. at *20-21 n7. The legislature has deemed it necessary for defendants charged with certain offenses to provide samples of their DNA for analysis, storage, and inclusion in the DNA database. Unfortunately, administrative costs are a fact of life. Maintaining the DNA database is a necessary expenditure in the prosecution of a person convicted of an offense for which a DNA specimen is required.

Next, the court of appeals held that the criminal justice fund, which receives 65% of article 102.020 funding, is not required to pay only for services necessarily or incidentally related to criminal trials. *Id*. at *29. TEX. CODE CRIM. PROC. art. 102.056(a) requires that funds be distributed in accordance with "local expenditures for criminal justice activities...for the preceding state fiscal year" based on population and incidence of crime. This demonstrates an intention by the legislature that the money that flows out of a county via court costs and into the criminal justice planning fund go back to counties in an amount that is proportional to the incidence of crime in that county.[7] Similarly, subsection (e) reimburses the Department of Public Safety

---

[7]The exception to that provision is jurisdictions in which a "significant new naval military facility" is located. Those counties receive a 10% higher appropriation than the prescribed formula. TEX. CODE CRIM. PROC. art. 102.056(c).

9

for its actual expenditures for DNA storage and testing. Appellant did not argue, and the court of appeals did not hold, that the statutes providing for the distribution of article 102.020 funds are invalid. Those provisions mandate uses for expenses incurred by the criminal justice system.

The court of appeals did point to past grant recipients of the criminal justice planning fund that it believed were unworthy of court cost financing. *Id*. at *29. The court of appeals' complaint is directed, not at the statute, but at the grant award practices of the criminal justice division of the Governor's Office. If Appellant believes the funds are being misspent for non-criminal law purposes, he may wish to request an audit from the state auditor or the governor's division of planning coordination, in accordance with TEX. CODE CRIM. PROC. art. 102.056(a).

### *Ex parte Carson*

*Ex parte Carson,* on which Appellant and the court of appeals rely heavily, stated that a $1 county law library fee was "improper," not a "legitimate charge on the litigants," and too "remote." 159 S.W.2d at 127. It hypothesized that if the library fee was proper, fees for courthouses, police cars, roads "education of such attorneys and judges and even the endowments of the schools which they attend" would be proper. *Id.* The Court's disdain for this fee, however, does not appear to be an actual holding. The Court did not point to any statutory or constitutional provision that

10

requires costs to be necessary or incidental. Furthermore, that language is *dicta*. *Ex parte Carson* found the statute unconstitutional on two bases. Because the fee was imposed only on litigants in certain counties, it was a "local or special law," in violation of TEX. CONST. Art. III, § 56, and it violated equal protection and due course of law. 159 S.W.2d at 127-30. The necessary or incidental language from *Ex parte Carson* is baseless. This Court should disavow it.

The Court need not replace the language of *Ex parte Carson* with some other test to evaluate the propriety of costs or fees. TEX. GOV'T CODE § 102.021(1), which references several court costs, including the one in article 102.020, "was intended by the Legislature as a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). But costs need not be limited to compensating the judiciary. In *State v. Claborn*, 870 P.2d 169 (Okla. Crim. App. 1994), the Oklahoma Court of Criminal Appeals reasoned that a court cost need only be "reasonably related to the costs of administering the criminal justice system." *Id*. at 171. If the Court imposes a test on court costs, it should adopt the language from *Claborn*.

*Ex parte Carson* is essential to Appellant's argument, because without its "incidental or necessary to a criminal trial" test, the cost in this case is not a "tax," courts do not become "tax collectors," and the statute creating this scheme does not

violate the separation of powers clause.  *See O'Bannon v. State*, 435 S.W.3d 378, 381 (Tex. App.– Houston [14th Dist.] 2014), and *Salinas v. State*, 426 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2014, pet. granted) (PD-0419-14) (speculating on whether *Ex parte Carson* could "bear the weight" of Appellant's separation of powers argument).

**Separation of Powers**

"[A]nalysis of a statute's constitutionality must begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

Appellant's argument is highly tenuous and mostly semantic.  Although *Ex parte Carson* used the word "tax" when it held, "[T]he tax imposed by the bill is not and cannot be logically considered a proper item of cost in litigation, particularly in criminal cases,"  159 S.W.3d at 127, it did hold that an "improper" cost becomes a tax.

In *LeCroy v. Hanlon*, 713 S.W.2d 335, 342-43 (Tex. 1986), the Texas Supreme Court used the term 'tax" to describe a filing fee that violated the open courts provision of the Texas Constitution.  It called the filing fee "a general revenue tax on the right to litigate" because the fees paid for statewide programs other than the

12

judiciary. *Id*. at 342.[8] *LeCroy*'s analysis did not address separation of powers. It was based on the principle that a fee that did not go to the courts denied access to the courts. So whether it was a cost, a fee, or a tax was irrelevant.

Courts in other jurisdictions have also held that fees unrelated to the court system are taxes. *See, e.g.*, *Crocker v. Finley*, 459 N.E.2d 1346, 1350 (Ill. 1984) (filing fee was unrelated to litigation and its purpose was to provide general revenue). But in *Claborn*, the Oklahoma Court of Criminal Appeals addressed the viability of a prior opinion that held a court cost was a tax if it did not "bear a true relation" to the expenses of the prosecution at hand. 870 P.2d at 171. It noted that this holding was unsupported by statutes or case law, and other jurisdictions have "adopted a more relaxed standard." *Id*.

Even if the DNA testing cost could somehow be deemed a tax, courts do not become "tax collectors" by imposing a legislatively required fee and sending the funds to the comptroller. If that were the case, every business owner who charges sales taxes and forwards them to the comptroller is also a "tax collector."

The separation of powers provision is violated when "one branch of

---

[8]The dissent, however, noted that "dollars are fungible" and "as long as the State pays more in financing the judiciary than the courts receive in user fees, the court's logic is flawed." 713 S.W. 2d at 345-46 (Gonzales, J., dissenting). Regardless, the costs in this case are not taxes even though they are deposited into the general revenue fund or the state treasury. They are credited to specific funds and are not for general use.

government assumes, or is delegated, to whatever degree, a power that is more 'properly attached' to another branch." *State v. Rhine,* 297 S.W.3d 301, 305 (Tex. Crim. App. 2009). Not all such delegations violate the constitution; it is essentially a matter of degree. *Id.* at 306.

*Rhine* addressed a delegation of authority from the legislature to an executive branch agency. It held, "[I]f the legislature has provided sufficient standards to guide the agency's discretion and the delegated power is not legislative, that agency has not been granted a power that is more properly attached to the legislature and the delegation is not an unconstitutional violation of separation of powers." *Id.* at 306-07. Here, the only discretion the trial court is given in assessing the DNA cost is that it may waive the cost if the defendant is indigent. TEX. CODE CRIM. PROC. art. 102.020(j). The DNA court cost statute is not unconstitutional.[9]

**Conclusion**

"It is not unreasonable that one who stands convicted of ... an offense should be made to share in the improvement of the agencies that society has had to employ in defense against the very acts for which he has been convicted." *State v. Young*,

---

[9]In the event this Court deems part of the statute constitutional and part unconstitutional, it should sever the unconstitutional portion and uphold the remainder. *See* TEX. GOV'T CODE § 311.032; *Tussey v. State*, 494 S.W.2d 866, 870 (Tex. Crim. App. 1973) (when part of a statute is unconstitutional, the remainder must be upheld if it is complete in itself and capable of fulfilling legislative intent).

14

238 So.2d 589, 590 (Fla. 1970). This is easily done at the local level with fees for: jury trials;[10] execution of search warrants;[11] and commitment or release.[12] But many tools of law enforcement are established and maintained at the state level. It would be nearly impossible to determine Appellant's share of these statewide tools. Appellant cannot be realistically assessed his part of the costs of crime lab accreditation, his portion of the DNA database expenses, and his share of the criminal justice planning fund grants. Like consolidated court costs,[13] article 102.020 provides a mechanism whereby costs and fees are collected at the county level, forwarded to the comptroller, and distributed within the criminal justice system.

As the Oklahoma Court of Criminal Appeals noted, many jurisdictions have "adopt[ed] a more relaxed standard" when evaluating the connection between costs and fees and the programs they fund. *Claborn*, 870 P.2d at 171. The costs imposed by article 102.020 do not solely fund the judiciary, but they compensate the State for expenses it incurs administering the criminal justice system. Having been convicted of a crime, Appellant must share in those costs.

---

[10] TEX. CODE CRIM. PROC. art. 102.004

[11] TEX. CODE CRIM. PROC. art. 102.011(a)(2)

[12] TEX. CODE CRIM. PROC. art. 102.011(a)(6)

[13] TEX. LOC. GOV'T CODE. § 133.102. The constitutionality of consolidated court costs is pending in *Salinas*, PD-0419-14.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals set this case for submission, reverse the court of appeals' judgment, and reinstate the "DNA Record Fee."

Respectfully submitted,

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 3,507 words.

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of April, 2015, the State's Brief on the Merits was served electronically on:

Jessica Akins
Assistant District Attorney
1201 Franklin, 13th  Floor
Houston, Texas 77002
akins_jessica@dao.hctx.net

Jani Maselli Wood
Assistant Public Defender
1201 Franklin St, 13th Floor
Houston, Texas 77002
jani.maselli@pdo.hctx.net

/s/ Lisa C. McMinn
LISA C. McMINN
State Prosecuting Attorney
