# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00462-CR

**Leonard Mike Penley, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 67031, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Leonard Mike Penley pleaded guilty to the offense of indecency with a child by contact and was placed on deferred-adjudication community supervision for a period of ten years.[1] Subsequently, the State filed a motion to adjudicate, alleging that Penley had violated the terms and conditions of his community supervision. The district court found the State's allegations to be true and, following a hearing on punishment, adjudicated Penley guilty of the indecency offense and sentenced him to 15 years' imprisonment. In a single issue on appeal, Penley asserts that the judgment should be modified to delete in its assessment of costs a $250 "DNA record fee" required by article 102.020 of the Texas Code of Criminal Procedure,[2] a statutory provision that Penley claims is facially unconstitutional. We will affirm the judgment adjudicating guilt.

---

[1] *See* Tex. Penal Code § 21.11.

[2] *See* Tex. Code Crim. Proc. art. 102.020.

Article 102.020 of the code of criminal procedure, entitled "Costs Related to DNA Testing," provides that "[a] person shall pay as a cost of court: (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code," which includes the offense of indecency with a child.[3] Article 102.020 further provides that "the comptroller shall deposit 35 percent of the funds received under this article in the state treasury to the credit of the state highway fund and 65 percent of the funds received under this article to the credit of the criminal justice planning account in the general revenue fund."[4] According to Penley, this cost constitutes an unconstitutional tax in violation of the separation of powers clause of the Texas Constitution.[5] In Penley's view, by requiring the courts to impose this cost for the benefit of the state highway fund and the criminal justice planning account, the statute transforms the courts into a tax collector, a role reserved for the executive branch.

As support for his position, Penley relies on *Peraza v. State*, a case in which the First Court of Appeals agreed with a similar argument and held that article 102.020 was facially unconstitutional.[6] In contrast, the State relies on *O'Bannon v. State*, a case in which the Fourteenth Court of Appeals considered a similar argument but reached the opposite conclusion, holding that article 102.020 was not facially unconstitutional.[7]

---

[3] *See id*. art. 102.020(a)(1); *see also* Tex. Gov't Code § 411.1471(a)(1)(B).

[4] *See* Tex. Code Crim. Proc. art. 102.020(h).

[5] *See* Tex. Const. art. II, § 1.

[6] 457 S.W.3d 134, 149 (Tex. App.—Houston [1st Dist.] 2014), *rev'd*, 467 S.W.3d 508, 2015 Tex. Crim. App. LEXIS 764 (Tex. Crim. App. July 1, 2015).

[7] 435 S.W.3d 378, 382 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

After the parties filed their briefs, the Court of Criminal Appeals resolved this split of authority. In *Pereza v. State*, the Court of Criminal Appeals granted review "to address whether the First Court of Appeals correctly determined that a cost of court 'Related to DNA Testing,' assessed pursuant to Texas Code of Criminal Procedure, Article 102.020, is an unconstitutional tax that violates the separation of powers clause under the Texas Constitution."[8] The Court of Criminal Appeals concluded that it was not and reversed the decision of the First Court of Appeals.[9] The court reasoned that "if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the statute allows for a constitutional application that will not render the courts tax-gatherers in violation of the separation of powers clause."[10] According to the high court, the allocation of court costs to both the criminal justice planning account and the state highway fund are required to be expended for legitimate criminal-justice purposes and, therefore, such costs "do not constitute a tax" and "do not violate the separation of powers clause."[11] The court concluded that because Pereza "has not established that Article 102.020 operates unconstitutionally in all possible circumstances" or that "every application of the statute" would be unconstitutional, he failed to show that the statute was unconstitutional on its face.[12]

---

[8] 2015 Tex. Crim. App. LEXIS 764, at *1.

[9] *Id*.

[10] *Id*. at *20-21.

[11] *Id*. at *25-26, *28-29.

[12] *Id*. at *26, *30.

3

As the Court of Criminal Appeals's decision in *Pereza* is dispositive here, we overrule Penley's sole issue on appeal.

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   November 6, 2015

Do Not Publish