**Affirmed and Opinion filed March 27, 2014**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00925-CR

---

**JOSE GARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1325799**

---

## O P I N I O N

Appellant Jose Garza was convicted of possession of a controlled substance. In two issues on appeal, appellant alleges (1) that the trial court abused its discretion when it denied a hearing on appellant's motion for new trial and (2) that the trial court erred when it assessed $444 in court costs against him. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of November, 2, 2011 in Houston, Harris County, Texas, Officers Valle and Martinez of the Houston Police Department observed a black Ford Crown Victoria turning east onto a westbound lane of Winkler Drive. The vehicle then drove over a median and began driving east in the eastbound lane. The officers initiated a traffic stop, and the vehicle eventually stopped at a gas station. As soon as the vehicle stopped, appellant opened the front passenger-side door and started running. Officer Martinez pursued appellant on foot while Officer Valle secured the vehicle, the driver, and another passenger. During the pursuit, appellant discarded a sandwich baggy that held five individual Ziploc baggies containing cocaine. The cocaine inside the baggies weighed a total of 1.9 grams. The case was tried by a jury in a Harris County district court. The jury found appellant guilty of possession of a controlled substance, a felony. The indictment alleged two prior felony convictions, to which the Appellant plead "true." By agreement of the parties, the trial judge assessed punishment at the minimum of twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. The trial judge entered judgment on September 25, 2012 and assessed $444 in costs against appellant. Appellant timely appealed.

## DISCUSSION

### I. Denial of Hearing on Motion for New Trial

In his first issue, appellant challenges the trial court's denial of a hearing on his motion for new trial. Appellant filed a motion for new trial on the basis of newly discovered evidence, and he requested a hearing on the motion. Appellant argues that the exculpatory testimony provided in the affidavit attached to his motion entitled him to a hearing. We disagree.

We review a trial court's decision to deny a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Chapa v. State*, 407 S.W.3d 428, 431 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court abuses its discretion if its decision lies outside the zone in which reasonable people might disagree. *Chapa*, 407 S.W.3d at 431. The two main purposes of a new trial hearing are (1) to determine whether the case should be retried and (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Defendants do not have an absolute right to a hearing. *Id.*

A defendant does have a right to a hearing if his motion (1) raises matters that are not determinable from the record and (2) establishes reasonable grounds upon which the defendant could be entitled to a new trial. *Hobbs*, 298 S.W.3d at 199–200; *Chapa*, 407 S.W.3d at 431. As a prerequisite to a hearing, the defendant must attach an affidavit to his motion setting out the factual basis for his claim. *Hobbs*, 298 S.W.3d at 199; *Chapa*, 407 S.W.3d at 431. The motion and affidavit do not need to establish a prima facie case for new trial, but they must demonstrate that reasonable grounds exist for granting the new trial. *Hobbs*, 298 S.W.3d at 199; *Chapa*, 407 S.W.3d at 431. A hearing is not required if the motion is conclusory, unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed. *Hobbs*, 298 S.W.3d at 199.

In this case, appellant's motion and affidavit must contain facts showing reasonable grounds to believe that the defendant could prevail under the test for granting a new trial articulated by article 40.001 of the Code of Criminal Procedure. *See Chapa*, 407 S.W.3d at 431 (requiring defendant to allege sufficient facts showing that he could prevail under the two-prong test for ineffective assistance of counsel). Under article 40.001, a trial court must grant a new trial if

material evidence favorable to the accused has been discovered since trial. Tex. Code Crim. Proc. Ann. art. 40.001 (West 2006). A new trial is never allowed to obtain evidence that was known and accessible to the defendant at the time of trial, even if the defendant had knowledge of the evidence but failed to communicate it to his attorney. *Drew v. State*, 743 S.W.2d 207, 227 n.14 (Tex. Crim. App. 1987); *Marines v. State*, 292 S.W.3d 103, 110 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Thus, if appellant knew of and had access to the "new" evidence at the time of trial, then appellant could not have been entitled to a new trial and the trial court could have reasonably denied the defendant a hearing on his motion. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

Appellant attached to his motion for new trial the sworn affidavit of his friend, Manuel Garcia. Garcia stated that he was in the car at the time of appellant's arrest and that he did not see appellant throw anything while appellant was running from the police. If true, Garcia's statement indicates that the appellant might not have actually possessed the drugs in question. That portion of the affidavit, standing alone, could be reasonable grounds for granting a new trial and therefore a hearing on appellant's motion. However, in the affidavit, Garcia also said, "I talked to [appellant's] attorney and told him everything that happened. He did not call me to testify at trial."

As an eyewitness to the offense and the arrest, Garcia's testimony was potentially discoverable from the outset. Additionally, Garcia's statement about his discussion with appellant's attorney and the attorney's decision not to have Garcia testify indicates that the testimony was discoverable at the time of trial. Based on our review of the motion and affidavit, we conclude that the trial court reasonably declined to hold a hearing on appellant's motion because the affidavit establishes that, at the time of trial, appellant knew of the potentially exculpatory evidence and

had access to that evidence.[1] *See Drew*, 743 S.W.2d at 227 n.14.

Furthermore, the trial court heard testimony that contradicts Garcia's statement. Officer Martinez testified that he remained in close proximity to appellant during the pursuit and that he saw appellant throw something with his left hand and keep running. Officer Martinez also testified that appellant threw the object after he and appellant went around a building—where a witness like Garcia potentially could not have seen appellant. After securing appellant, the officer returned to the area where appellant threw the object, conducted a thorough search, and discovered the baggies of cocaine. The officer testified he did not see anything else in the vicinity other than the baggies. On this record, the trial court could have reasonably concluded that the strength of the State's case was such that, even if true, the "new" evidence suggested by the affidavit was not compelling or credible enough to bring about a different result in a new trial and, therefore, that appellant's motion and affidavit did not show that he could be entitled to relief. *See*

[1] The Fort Worth court of appeals addressed a similar issue in *Lemmons v State*, No. 02-04-00086-CR, 2005 WL 1356270 (Tex. App.—Fort Worth Jun. 9, 2005, pet. ref'd) (not designated for publication). We acknowledge that *Lemmons* has no precedential value, but the similar facts make the case instructive. *See Roberson v. State*, — S.W.3d —, —, No. PD-0917-12, 2013 WL 6081202, at *5 (Tex. Crim. App. Nov. 20, 2013). In *Lemmons*, the defendant was convicted of possession of a controlled substance. 2005 WL 1356270, at *1. During a traffic stop, the defendant attempted to discard a plastic baggy containing cocaine. *Id.* *1. In the affidavit attached to the defendant's motion for new trial, the defendant's brother stated that he was the one who threw the cocaine out of the car, not the defendant. *Id.* at *2. The court noted that the brother's statement did not admit possession of the drugs to the exclusion of the defendant, only that the brother threw drugs under the vehicle. *Id.* The court further noted that the brother's "new" evidence was potentially discoverable since the brother was an eyewitness to the arrest and offense. *Id.* The defendant testified at trial that his brother was not in possession of the drugs at the time of the arrest. *Id.* The arresting officer testified that the drugs were found below the driver's door, where appellant was seated, not where the brother claimed to have dropped the drugs. *Id.* The Fort Worth court of appeals concluded that the trial court did not abuse its discretion in failing to hold a hearing because the brother's testimony would have been discoverable at trial if the defendant had called his brother to testify. *See id.* The main distinguishing fact between *Lemmons* and this case is that in *Lemmons*, the brother's affidavit explicitly claimed that the evidence was unknown to the defendant at the time of trial; while in this case, Garcia admitted that the evidence was known and available to appellant at trial. *See id.*

5

*Wallace*, 106 S.W.3d at 108.

Appellant also challenged the legality of the initial traffic stop in his motion. On this subject, Garcia's affidavit only alleged that he "did not see the driver violate any laws." Uncontroverted testimony from Officers Martinez and Valle confirmed that the vehicle drove east in a westbound lane, in violation of the law. *See* Tex. Transp. Code Ann. § 542.301 (defining an offense as an act prohibited by Transportation Code Title 7, Subtitle C, "Rules of the Road"), § 545.051 (requiring operator on a roadway to drive on the right side of the road) (West 2011). In challenging the legality of the traffic stop, appellant attempts to raise matters that are already determinable from the record, and as a result, appellant's right to a hearing on his motion is foreclosed. *See Hobbs*, 298 S.W.3d at 199.

The trial court acted within its discretion when it denied appellant's motion without a hearing. Appellant's first issue is overruled.

## II. Court Costs

In appellant's second issue, he challenges the sufficiency of the evidence to support the trial court's imposition of $444 in court costs. Appellant argues that the evidence of costs is insufficient because a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment" was not signed, dated, or certified. Appellant further contends that there is no evidence that the trial court saw the JIMS report before signing the judgment.

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, — S.W.3d —, —, No. PD-0193-13, 2014 WL 714736, at *2 (Tex. Crim. App. Feb. 26, 2014). If the defendant receives any punishment other than a fine, the judgment must declare the costs against the defendant and order the collection of those costs. Tex. Code Crim. Proc. Ann. art.

6

42.16 (West 2006). When a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost. *Johnson v. State*, — S.W.3d at —, 2014 WL 714736, at *2. Although it is the most expedient and preferable method to sustain statutorily authorized and assessed court costs, a bill of costs is not required to support the amount of court costs if the reviewing court concludes that the assessed costs are supported by facts in the record. *Id.* at *7.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at *5; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006 (West 2006). In *Johnson*, the Court of Criminal Appeals held that a JIMS report was a bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, — S.W.3d at —, 2014 WL 714736, at *5. The JIMS report in this case is not a bill of costs. Although the JIMS report itemizes the accrued court costs, it is not signed or certified. Therefore, we must determine whether each of the costs assessed by the trial court is supported by facts in the record. *See id.* at *2.

The trial court assessed $444 in costs against appellant. The sum of the itemized costs in the JIMS report is $589 and includes a $145 charge classified as a SHERIFFS FEE. We can infer that the total amount assessed by the court does not include the $145 SHERIFFS FEE. Because the record demonstrates that a jury convicted appellant in district court of possession of a controlled substance, a felony under Health and Safety Code section 481.115, a factual basis exists for each of the following costs listed in the JIMS report:

- $50 SERVING CAPIAS fee. Tex. Code Crim. Proc. Ann. art. 102.011(a)(2) (West Supp. 2013) (a defendant convicted of a felony

must pay $50 for executing or processing arrest warrant). On April 19, 2012, a deputy from the Harris County Sheriff's Department executed a warrant to arrest appellant.

- $60 SUMMONING 12 WITNESSES/MILEAGE fee. *Id.* art. 102.011(a)(3) (West Supp. 2013) (a defendant convicted of a felony must pay $5 for each witness summoned). The record reflects that the Harris County District Attorney's office summoned at least twelve witnesses.

- $5 JURY [SUMMONS] FEE. *Id.* art. 102.011(a)(7) (West Supp. 2013) (a defendant convicted of a felony must pay $5 for the summoning of a jury). We note that the JIMS report reflects a $10 Jury Fee. We have found no statutory support or support in the record for the $10 charge. This discrepancy is offset by the COMMITMENT FEE, which we address below.

- $10 TAKING: 01 BONDS fee. *Id.* art. 102.011(a)(5) (West Supp. 2013) (a defendant convicted of a felony must pay $10 for the taking and approving of a bond). A bond was taken and approved on March 2, 2012 by a Harris County deputy.

- $10 COMMITMENT fee. *Id.* art. 102.011(a)(6) (West Supp. 2013) (a defendant convicted of a felony must pay $5 for commitment or release). We note that the JIMS report reflects only a $5 commitment fee. Appellant was committed to Harris County Jail twice: once on November 3, 2011 and again on April 19, 2012. Thus, the record supports a $10 charge for this item.

- $5 RELEASE fee. *Id.* Appellant was released on bond on March 2, 2012.

- $5 ARREST W/O WARRANT/CAPIAS. *Id.* art. 102.011(a)(1) (West Supp. 2013) (a defendant convicted of a felony must pay $5 when a peace officer makes a warrantless arrest). Officer Martinez initially arrested appellant without a warrant.

8

- $40 CLERKS FEE. *Id.* art. 102.005(a) (West 2006) (a defendant convicted of an offense in district court must pay $40 for the services of the clerk).

- $20 JURY FEE. *Id.* art. 102.004(a) (West 2006) (a defendant convicted by a jury in a district court must pay a $20 jury fee).

- $5 SECURITY FEE. *Id.* art. 102.017(a) (West Supp. 2013) (a defendant convicted of a felony in district court must pay a $5 security fee).

- $133 CONSOLIDATED COURT COST fee. Tex. Loc. Gov't Code Ann. § 133.102 (West Supp. 2013) (a person convicted of a felony must pay $133 as court costs).

- $4 JURY REIMBURSEMENT FEE. Tex. Code Crim. Proc. Ann. art. 102.0045(a) (West Supp. 2013) (a person convicted of an offense other than a pedestrian or parking offense must pay a $4 jury reimbursement fee).

- $25 DC RECORDS PRESERVATION fee. *Id.* art. 102.005(f) (West 2006) (a defendant convicted of a felony in district court must pay $25 for records management and preservation services).

- $60 DRUG COURT PROGRAM FEE. *Id.* art. 102.0178(a), (g) (West Supp. 2013) (a person convicted of a felony under Health and Safety Code chapter 481 must pay $60 to fund drug court programs).

- $2 SUPPPORT OF INDG DEFENSE fee. Tex. Loc. Gov't Code Ann. § 133.107 (West Supp. 2013) (a person convicted of an offense other than a pedestrian or parking offense must pay $2 to fund indigent representation).

- $6 SUPPORT JUDICIARY FEE. *Id.* § 133.105 (West 2008) (a person convicted of an offense other than a pedestrian or parking offense must pay $6 to support the judiciary).

- $4 COURT TECHNOLOGY FUND fee. Tex. Code Crim. Proc. Ann. art. 102.0169(a) (West Supp. 2013) (a defendant convicted of an offense in district court must pay a $4 technology fee).

The sum of these costs is $444. Accordingly, we overrule appellant's second issue.

**CONCLUSION**

For the reasons stated above, the trial court's judgment is affirmed.


/s/      Marc W. Brown
                Justice

Panel consists of Justices Boyce, Christopher, and Brown.

Publish — TEX. R. APP. P. 47.2(b).