ACCEPTED
01-14-00676-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/23/2015 2:51:33 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00675-CR
# No. 01-14-00676-CR

In the
## Court of Appeals
For the
## First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/23/2015 2:51:33 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

Nos. 1394947 & 1394948
In the 174th Criminal District Court
Of Harris County, Texas

———————◆———————

## ISRAEL MONTOYA ALCARAZ

*Appellant*

V.

## THE STATE OF TEXAS

*Appellee*

———————◆———————

## STATE'S APPELLATE BRIEF

———————◆———————

DEVON ANDERSON
District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

AMY MCCAULEY
Assistant District Attorney
Harris County, Texas

Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713·755·5826

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Complainant, victim, or aggrieved party:*

XX—a minor

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County
**Bridget Holloway** — Assistant District Attorney on appeal
**Amy McCauley** — Assistant District Attorney at plea

*Appellant or criminal defendant:*

**Israel Montoya Alcaraz**

*Counsel for Appellant:*

**Alexander Bunin** — Chief Public Defender
**Angela L. Cameron** —Assistant Public Defender on appeal
**Mark Thering** —Attorney at plea

*Trial Judge:*

**Honorable Ruben Guerrero** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................................................1

IDENTIFICATION OF THE PARTIES ...................................................................1

TABLE OF CONTENTS.........................................................................................2

INDEX OF AUTHORITIES....................................................................................3

STATEMENT OF THE CASE .................................................................................5

STATEMENT OF FACTS .......................................................................................5

SUMMARY OF THE ARGUMENT.........................................................................7

REPLY TO APPELLANT'S THIRD ISSUE PRESENTED.........................................8

    Appellant's judgment should be modified to correctly indicate he did not waive his right to appeal.

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED ...........................................8

    This Court should wait for the Court of Criminal Appeal's opinion in *Peraza v. State*, 457 S.W.3d 134 (Tex. App. —Houston [1st Dist.] 2014, pet. granted Mar. 25, 2015), before ruling on appellant's challenge to the "DNA Testing Fee."

REPLY TO APPELLANT'S SECOND ISSUE PRESENTED.......................................10

Analysis.............................................................................................................10
    Because the record supports that appellant was arrested for three felonies and convicted for two, and because the Code of Criminal Procedure demands the $5 "Arrest w/out Warrant/Capias" fee upon conviction, the trial court did not err in assessing the court cost.

CONCLUSION ...................................................................................................13

CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE .......................14

# INDEX OF AUTHORITIES

## CASES

*Cardenas v. State,*
   403 S.W.3d 377
   (Tex. App. —Houston [1st Dist.], *aff'd* 423 S.W.3d 396 (Tex. Crim. App. 2014) 11

*Ex parte Carson,*
   159 S.W.2d 126 (Tex. Crim. App. 1942) .......................................................... 8

*Garza v. State,*
   425 S.W.3d 649
   (Tex. App. —Houston [14th Dist.] 2014, no pet.) ........................................ 12

*Guzman v. State,*
   No. 01-11-00862-CR, 2013 WL 4003791
   (Tex. App. —Houston [1st Dist.] Aug. 6, 2013, pet ref'd) ........................... 12

*Johnson v. State,*
   423 S.W.3d 385 (Tex. Crim. App. 2014) ....................................................... 10

*Mouton v. State,*
   No. 01-12-00642-CR, No. 01-12-00643-CR, 2013 WL 3522650
   (Tex. App. —Houston [1st Dist.] July 11, 2013, no pet.) ............................ 12

*O'Bannon v. State,*
   435 S.W.3d 378
   (Tex. App. —Houston [14th Dist.] 2014, no pet.) .......................................... 9

*Peraza v. State,*
   457 S.W.3d 134
   (Tex. App. —Houston [1st Dist.] 2014, pet. granted Mar. 25, 2015) ........... 8

*Peyronel v. State,*
   446 S.W.3d 151
   (Tex. App. —Houston [1st Dist.] pet. granted Dec. 17, 2014) .................... 12

## STATUTES

TEX. CODE CRIM. PROC. ANN.
  art. 102.020 (West 2006) ...........................................................................................8

TEX. CODE CRIM. PROC. ANN.
  art. 102.011 (West 2006) ....................................................................................11, 12

TEX. CODE CRIM. PROC. ANN.
  art. 42.16 (West 2006) ............................................................................................ 10

## RULES

TEX. R. APP. P. 38.2(a)(1)(A) .........................................................................................1

TEX. R. APP. P. 39.1 .........................................................................................................1

TEX. R. APP. P. 9.4(g) ......................................................................................................1

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant, Israel Montoya Alcaraz, was charged with one count of aggravated sexual assault of a child and one count of possession of child pornography. (CR947 at 24; CR948 at 16). Appellant entered a plea of "guilty" to both offenses and his cases were reset for a presentence investigation (PSI). (CR947 at 32; CR948 at 24; RRI at 88-89). After the PSI hearing, appellant was sentenced to confinement for 50 years and 10 years respectively, to run concurrently. (CR947 at 62; CR948 at 37; RRI at 88-89). Written notices of appeal were timely filed. (CR947 at 67; CR948 at 40).

————————◆————————

## STATEMENT OF FACTS

Appellant was indicted for aggravated sexual assault of a child under the age of 14 and for possession of child pornography. No enhancements were alleged. (CR947 at 24; CR948 at 16). Appellant entered a plea of "guilty" to both charges without agreed punishment recommendations. Appellant signed a written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession in which he agreed "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on *June 2, 2013*." (CR947 at 32;

5

CR948 at 24) (emphasis handwritten on forms). The court costs assessed against appellant included a $250 "DNA Testing Fee" and a $5 "Arrest w/o Warrant/Capias." (CR947 at 64; CR948 at 39). While initially the trial court certified that appellant did not have the right to appeal, the trial court properly changed that ruling. (RR 1-29-15).

———————◆———————

## SUMMARY OF THE ARGUMENT

Appellant's judgment should be modified to correctly indicate he did not waive his right to appeal. Furthermore, this Court should wait for the Court of Criminal Appeal's opinion in *Peraza v. State*, 457 S.W.3d 134 (Tex. App. —Houston [1st Dist.] 2014, pet. granted Mar. 25, 2015), before ruling on appellant's challenge to the "DNA Testing Fee." Lastly, it is submitted that the $5 "Arrest w/o Warrant/Capias" fee is supported by the record and proper.

————◆————

## REPLY TO APPELLANT'S THIRD ISSUE PRESENTED

In his third issue presented on appeal, appellant asks this Court to reform the judgment to reflect that appellant did not waive his right to appeal. Because the record shows appellant did not waive his right to appeal, the State does not oppose this request. Appellant's third issue presented on appeal should be sustained.

———————◆———————

## REPLY TO APPELLANT'S FIRST ISSUE PRESENTED

Relying on *Peraza v. State*, 457 S.W.3d 134 (Tex. App. —Houston [1st Dist.] 2014, pet. granted Mar. 25, 2015), appellant challenges the trial court's assessment of the "DNA Testing Fee" in his bill of costs as unconstitutional. Appellant requests this Court modify each judgment to delete the $250 charge from court costs.

In *Peraza*, this Court held that TEX. CODE CRIM. PROC. art. 102.020, "Costs related to DNA testing," authorizes an unconstitutional tax because the costs it imposes are not "necessary or incidental to a criminal trial." *Peraza*, 457 S.W.3d at 141 (citing *Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942)). Not pointed out by appellant, however, is that the Fourteenth Court of Appeals has disagreed

with this Court's ruling in *Peraza*.  *See O'Bannon v. State*, 435 S.W.3d 378 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

After appellant filed his appellate brief in this case, the Court of Criminal Appeals granted petition for discretionary review in *Peraza*.  Briefs have been filed and the Court of Criminal Appeals heard argument on May 20, 2015, regarding whether the $250 DNA Testing Fee is constitutional; so guidance from the Court of Criminal Appeals is forthcoming to reconcile *Peraza* and *O'Bannon*.  The State requests this Court delay its ruling on this issue until the Court of Criminal Appeals has spoken.

————————◆————————

# REPLY TO APPELLANT'S SECOND ISSUE PRESENTED

Appellant challenges another court cost in his second issue presented on appeal. Appellant argues the $5 "Arrest w/o Warrant/Capias" part of the Sheriff's fee should be deleted from the bill of costs because the bill of costs also shows a $50 "Serving Capias" fee and "[o]ne cannot be arrest[ed] both with and without a warrant or capias."[1] Because the record supports that appellant was arrested for three felonies and convicted on two, and because the Code of Criminal Procedure demands the $5 "Arrest w/out Warrant/Capias" fee upon conviction, the trial court did not err in assessing the court cost.

## ANALYSIS

The assessment of court costs on appeal is reviewed to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). If the defendant receives any punishment other than a fine, the judgment must declare the costs against the defendant and order the collection of those costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). When a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the

---

[1] Appellant's brief at 12.

specific amount if there is a basis for the cost. *Johnson*, 423 S.W.3d at 389. Although it is the most expedient and preferable method to sustain statutorily authorized and assessed court costs, a bill of costs is not required to support the amount of court costs if the reviewing court concludes that the assessed costs are supported by facts in the record. *Id.* at 395.

Because the record demonstrates that appellant pled guilty and was thus convicted in district court of two felonies, felonies under section 21.011 of the Texas Penal Code, a factual basis exists for both $5 "Arrest w/o Warrant/Capias" and $50 "Serving Capias" fees. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1) (West 2006) (defendant convicted of felony must pay $5 when a peace officer makes a warrantless arrest); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West 2006) (a defendant convicted of a felony must pay $50 for executing or processing arrest warrant); *see also* TEX. CODE CRIM. PROC. ANN. art. 102.011(e) (West 2006) ("A fee under Subsection ... (a)(2) ... shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which the defendant has been convicted.")).

While appellant claims it is impossible to be arrested both with and without a warrant, both fees have been assessed and upheld in other cases. *See Cardenas v. State*, 403 S.W.3d 377 (Tex. App. —Houston [1st Dist.], *aff'd* 423 S.W.3d

396 (Tex. Crim. App. 2014); *Peyronel v. State*, 446 S.W.3d 151 (Tex. App. —Houston [1st Dist.] pet. granted Dec. 17, 2014);[2] *Garza v. State*, 425 S.W.3d 649 (Tex. App. —Houston [14th Dist.] 2014, no pet.); *Guzman v. State*, No. 01-11-00862-CR, 2013 WL 4003791 (Tex. App. —Houston [1st Dist.] Aug. 6, 2013, pet ref'd); *Mouton v. State*, No. 01-12-00642-CR, No. 01-12-00643-CR, 2013 WL 3522650 (Tex. App. —Houston [1st Dist.] July 11, 2013, no pet.). Furthermore, while the record here indicates appellant had a warrant issued for his arrest, he was arrested for three felonies (evading charge was dropped). Even assuming the arrest warrant was for both aggravated sexual assault and for possession of child pornography, appellant had a third arrest for evading, which would have been without a warrant, but arose from the convicted offenses. (RRPSI at 17, 89). *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(e) (West 2006). Appellant's second issue on appeal should be overruled.

―――――――◆―――――――

---

[2] Petition for discretionary granted on an unrelated issue.

## CONCLUSION

It is respectfully submitted that appellant's judgment be modified to indicate he did not waive his right to appeal. It is further submitted that this Court should wait for the Court of Criminal Appeal's opinion in *Peraza* before ruling on appellant's challenge to the "DNA Testing Fee." Lastly, it is submitted that the $5 "Arrest w/o Warrant/Capias" fee is supported by the record and proper.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713.755.5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

## CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE

This is to certify:  (a) that the word count of the computer program used to prepare this document reports that there are 2036 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to appellant's attorneys via TexFile at the following emails on June 23, 2015:


Angela L. Cameron
Assistant Public Defender
Email:  angela.cameron@pdo.hctx.net


/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.755.5826
Texas Bar No.  24025227
holloway_bridget@dao.hctx.net

14