**Affirmed as Modified and Memorandum Opinion filed December 8, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00761-CR
NO. 14-14-00762-CR

**ERIC  MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 1417875 & 1417876**

## M E M O R A N D U M     O P I N I O N

Appellant entered a plea of guilty without a sentencing recommendation to two charges of aggravated sexual assault of a child. The trial court sentenced him to 15 years' imprisonment on each charge, with the sentences to run concurrently. Appellant does not challenge the convictions or sentences on appeal. Instead, he raises three issues concerning court costs and a correctable error in the judgment. We modify the judgment and affirm it as modified.

FACTS

The facts of the underlying case are not in dispute. We discuss only the facts pertaining to appellant's complaints regarding the judgments.

Each judgment orders appellant to pay "all fines, court costs, and restitution." One judgment assesses $635.00 and the other assesses $594.00 in court costs. Neither judgment assesses an amount for fines or restitution.

The record contains a bill of costs for each judgment. Included in both bills are: (1) $250.00 for "DNA testing," and (2) $50.00 for "serving capias."

**ANALYSIS**

**I.     Costs**

A judgment of conviction must order a defendant to pay court costs. Tex. Code Crim. Proc. Ann. art. 42.15 (West Supp. 2014) (applicable when punishment is only a fine); *id.* art. 42.16 (West 2006) (applicable when punishment is something other than a fine). Court costs need not be proven at trial because they are not a part of the defendant's guilt or the sentence to be imposed. Rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 365–66 (Tex. Crim. App. 2009).

Imposition of court costs is mandatory. *See* Tex. Code Crim. Proc. Ann. art. 42.15 ("When the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state."); *id.* art. 42.16 ("If the punishment is any other than a fine, the judgment . . . shall adjudge the costs against the defendant . . . ."); *see also* Tex. Gov't Code Ann. § 311.016(2) (West 2013) (Unless context necessarily requires a different construction, "'shall' imposes a duty."). If a defendant is convicted, the judgment must assess court costs against him, regardless of the severity of the offense or the criminal history of the offender. The allowable types and amounts of

costs are set by statute, *see* Tex. Code Crim. Proc. Ann. ch. 102 (West 2006 & Supp. 2014), and no cost may be imposed unless it is "expressly provided by law." *Id.* art. 103.002 (West 2006).

In reviewing the assessment of court costs, we must determine if there is a basis for the cost, not if sufficient evidence was offered at trial to prove the cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014); *Garza v. State*, 425 S.W.3d 649, 653 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

### A. DNA testing

Chapter 102 of the Code of Criminal Procedure governs costs to be paid by convicted defendants. Article 102.020 requires a person convicted of an offense listed in section 411.1471(a)(1) of the Government Code to pay a court cost of $250.00 for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 102.020(a)(1) (West Supp. 2014). The offenses listed in section 411.1471 of the Government Code include section 22.021 of the Penal Code, the offense of which appellant was convicted in each case. Tex. Gov't Code Ann. § 411.1471(a)(1)(D) (West 2012); Tex. Penal Code Ann. § 22.021 (West Supp. 2014).

Appellant concedes the DNA testing fee was properly included in the court costs but asserts the fee is in fact a facially unconstitutional tax. This court rejected that argument in *O'Bannon v. State*, 435 S.W.3d 378, 381 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding appellant had not met his burden to show article 102.020 is facially unconstitutional, meaning "invalid in all possible applications"). Appellant acknowledges our opinion in *O'Bannon* but urges us to reconsider the reasoning. In support of his request, he relies on *Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014), in which the First Court of Appeals held the DNA records fee was not a legitimate court cost but rather an unconstitutional cost. *See id.* at *11 (citing *Ex parte Carson*, 159 S.W.2d 126, 130 (Tex.

3

Crim. App. 1942) (holding $1.00 library fee was "neither necessary nor incidental to the trial of a criminal case" and therefore was not a legitimate court cost)).

However, after appellant filed his brief, the Court of Criminal Appeals, in a unanimous decision, reversed the First Court of Appeals' judgment in *Peraza*. *See Peraza v. State*, 467 S.W.3d 508 (Tex. Crim. App. 2015). Rejecting a facial challenge to the portion of article 102.020 challenged by appellant, the court held that Peraza had not satisfied his burden to show article 102.020 is facially unconstitutional—that is, to show it is impossible for the article to operate constitutionally under any circumstance. *Id.* at 521. For the same reasons, we conclude appellant has not satisfied his burden here.

We overrule appellant's first issue.

### B.    Serving capias

Article 102.011 of the Code of Criminal Procedure requires a convicted person to pay certain fees for services performed in the case by a peace officer, including $50.00 for executing or processing an arrest warrant or capias. Tex. Code Crim. Proc. Ann. art. 102.011(a) (West Supp. 2014). As used in this case, capias means "a writ that is (1) issued by a judge of the court having jurisdiction of the case after commitment or bail and before trial, or by a clerk at the direction of the judge; and (2) directed 'To any peace officer of the State of Texas', commanding the officer to arrest a person accused of an offense and bring the arrested person before that court immediately or on a day or at a term stated in the writ." Tex. Code Crim. Proc. Ann. art. 23.01 (West 2009) (definition of capias); *Ex parte Moss*, 446 S.W.3d 786, 792 & n.6 (Tex. Crim. App. 2014) (noting that although capias is also defined in chapter 43 of Code of Criminal Procedure, which governs execution of judgment, appropriate definition of capias in pre-judgment proceedings is that in article 23.01).

Article 102.011 provides in relevant part:

(a)     A defendant convicted of a felony or misdemeanor shall pay the following fees for services performed in the case by a peace officer:

. . .

(2)     $50 for executing or processing an issued arrest warrant, capias, or capias pro fine with the fee imposed for the services of:

(A)     the law enforcement agency that processed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or

(B)     the law enforcement agency that processed the arrest warrant or capias, if:

(i)     the arrest warrant or capias was not executed; or

(ii)     the executing law enforcement agency failed to request the fee within the period required by Paragraph (A) of this subdivision.

Tex. Code Crim. Proc. Ann. art. 102.011(a).

Again relying on the First Court of Appeals' opinion in *Peraza*, appellant argues the cost for "serving capias" should be removed from the judgment because "[t]he record is without any supporting documentation as to whether any capias was actually served." *See Peraza*, 2014 WL 7476214 at *4.

His argument fails for two reasons. First, we are to determine only if the cost has a basis, not if sufficient evidence was offered to prove the cost. *Johnson*, 423 S.W.3d at 390. The inclusion of the fee on each bill of costs is a factual basis for the fee. A bill of costs "documents reimbursable court costs already accrued in connection with a defendant's case." *Johnson*, 423 S.W.3d at 392. As such, it is "the most expedient, and therefore, preferable method" to "sustain statutorily authorized and assessed court

5

costs." *Id.* at 395–96. *See also* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006) (cost is payable when "a written bill is produced or ready to be produced, containing the items of cost . . . ."). Moreover, the record reflects a warrant was issued on February 14, 2014, and was delivered to Officer Nicholas Thatcher of the Deer Park Police Department the same day. Appellant does not dispute the legal basis for the cost, which is article 102.011(a)(2) of the Code of Criminal Procedure.

Second, the fee is required under article 102.011(a)(2) regardless of whether a processed warrant or capias was executed. Execution of the warrant or capias is relevant only to the determination of which law enforcement agency is entitled to the fee. *Compare* Tex. Code Crim. Proc. Ann. art. 102.011(a)(2)(A) (fee goes to law enforcement agency that executed warrant or capias if it timely requests fee) *with id.* art. 102.011(a)(2)(B) (fee goes to law enforcement agency that processed warrant or capias if it is not executed or if executing law enforcement agency does not properly request fee). Therefore, even if the warrant was not executed, article 102.011(a)(2) still requires appellant to pay the fee.

We overrule appellant's second issue.

## II. Modification of Judgment

In his third issue, appellant asks that we correct the judgments so they indicate he has the right to appeal. *See* Tex. R. App. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified"). The State agrees the judgments should be so modified.

Each record contains a Certification of Defendant's Right to Appeal signed by the trial court that indicates "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Each judgment states, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

The judgments are incorrect in their statements that appellant has waived the right to appeal. A defendant who pleads guilty without a sentencing recommendation, as appellant did, may appeal "matters that were raised by written motion filed and ruled on before trial," or with the court's permission as to other matters. Tex. R. App. P. 25.02(a)(2). Although appellant does not appeal any pretrial ruling, complaints about costs may be raised for the first time on appeal. *Johnson*, 423 S.W.3d at 390. Therefore, the judgments should be modified to permit appellant's appeal.[1] *Guia v. State*, 220 S.W.3d 197, 205 (Tex. App.—Dallas 2007, pet. ref'd) (modifying judgment to delete recitation that appellant waived his appellate rights).

We sustain appellant's third issue and modify each judgment to delete the statement that he waived his appeal.

## CONCLUSION

We overrule appellant's first and second issues. We sustain his third issue and modify each judgment as follows: The statement "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED" is to be deleted.

We affirm the trial court's judgment as modified.


/s/        Marc W. Brown
                  Justice


Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] At our request, the trial court signed amended certifications that correctly indicated this is not a plea-bargain case and appellant has the right to appeal. However, the court did not amend the judgments to delete the statement that appellant had waived his right to appeal.