

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00127-CR

———————————————

GEORGE EDMOND FOLAU, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1455728D

Before Sudderth, C.J.; Gabriel, J.; and Wallach, J.[1]
Memorandum Opinion by Visiting Judge Mike Wallach, Sitting by Assignment

---

[1]The Honorable Mike Wallach, Judge of the 348th District Court of Tarrant County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't. Code Ann. § 74.003(h).

## MEMORANDUM OPINION

This is an appeal from a murder conviction. George Edmond Folau was convicted of murdering Loan Nguyen, also known as "Lilly," for which he received a life sentence. Present in the apartment when the murder occurred was another man, Kit, the decedent's boyfriend. Folau filed a motion for new trial on the basis of newly discovered witness evidence. The "new" evidence consisted of testimony from John Paipa, who claimed he spoke with Kit soon after the murder occurred. From their conversation, Paipa formed a belief that Kit, not Folau, had killed Lilly. However, Paipa did not hear Kit actually admit killing Lilly.

The testimony in question boils down to the following:

Q: Did [Kit] ever come out and say he shot Lilly?

A: I mean, he really didn't say he did. But like from what I felt like he was saying, you know, is that he was -- it was going towards that way and then he noticed it and he stopped. He stopped talking. He started crying again, you know, trying to act like he was all sad about Lilly.

Q: But [Kit] never actually said that he shot Lilly, did he?

A: No.

Q: So you don't recall anything specifically that Kit told you that night, do you?

A: No.

The trial court denied Folau's motion for new trial after an evidentiary hearing. Folau has appealed the denial of the motion for new trial in one issue.

# I. STANDARD OF REVIEW

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012), *overruled on other grounds by Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2018). A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Riley*, 378 S.W.3d at 457. This deferential review requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Id.* The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* Further, "[m]otions for new trial on grounds of newly discovered evidence are not favored by the courts and are viewed with great caution." *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987).

To be entitled to a new trial for newly discovered evidence, the defendant must show that the new evidence was discovered after trial and it must be material. Tex. Code Crim. Proc. Ann. art. 40.001. The test for materiality is a four point test: (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant's failure to discover the new evidence was not due to the defendant's lack of diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral or impeaching; and (4) the new evidence is probably true and will probably produce a different result in a new trial. *Carsner v.*

3

*State*, 444 S.W.3d 1, 2–3 (Tex. Crim. App. 2014).  A motion for new trial cannot be granted unless the defendant shows entitlement to one under the law.  *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014).

## II.  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL

First, it is apparent that the "newly discovered evidence" is not admissible, failing the third prong of the materiality test.  Paipa testified that he believed that Kit was about to confess to Lilly's murder, but that Kit never actually made that statement.  In other words, Paipa's testimony was hearsay regarding the statements Kit actually made to him, further supplemented by inadmissible speculation that Kit had stopped himself before fully confessing to murdering his girlfriend.

Kit's general conversation with Paipa was hearsay.  Tex. R. Evid. 802.  Thus, for the statement that Paipa believed that Kit was about to admit killing Lilly to be admissible, it would have to fit an exception to the hearsay rule.[2]  Texas Rule of Evidence 803(24) makes an exception for hearsay that constitutes a statement against interest.  However, whether a hearsay statement is admissible as a statement against penal interest under rule 803(24) requires a two-step inquiry.  *Bingham v. State*,

---

[2]Folau relies on *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 1731, 164 L. Ed. 2d 503 (2006) as providing an applicable hearsay exception analysis in support of his contention.  However, *Holmes* is inapposite because it involved an arbitrary evidentiary rule based on the strength of one party's evidence and involved much more persuasive evidence of a third party's possible guilt.  *See also* Tex. R. App. P. 38.1(f), 47.1.

987 S.W.2d 54, 57 (Tex. Crim. App. 1999). First, the trial court must determine whether the statement, viewed in context, subjects the declarant to criminal liability. *Id.* Second, corroborating evidence must be shown that is sufficiently convincing to "clearly indicate the trustworthiness of the statement." *Id.* The burden is on the proponent of the statement to make this showing. *Davis v. State*, 872 S.W.2d 743, 748 (Tex. Crim. App. 1994). Whether the burden has been satisfied is entrusted to the sound discretion of the trial court. *Cunningham v. State*, 877 S.W.2d 310, 313 (Tex. Crim. App. 1994).

Paipa's testimony meets neither prong under rule 803(24).[3] The statement does not expose Kit to criminal liability because he does not actually confess to a crime. Paipa only speculated that Kit was about to confess. A witness's belief about what another person is thinking is inadmissible speculation. *See Wiley v. State*, 74 S.W.3d 399, 407 (Tex. Crim. App. 2002) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998) (explaining that "alternative perpetrator" evidence is admissible only when the record shows a sufficient connection between the charged crime and the alleged alternative perpetrator; a defendant may not merely offer "unsupported speculation" that another person may have committed the offense), *cert. denied*, 526 U.S. 1007, 119 S. Ct. 1148, 143 L.Ed.2d 215 (1999)); *Burks v. State*, 876 S.W.2d 877,

---

[3]Tex. R. Evid. 803(24)(A) identifies other factors than exposure to criminal liability as a basis for admission of a statement against interest but those other factors have not been raised in this case.

904 (Tex. Crim. App. 1994) ("However, with the enactment of the Texas Rules of Criminal Evidence on September 1, 1986, rule 803(24) now governs statements against penal interest and supersedes the common law rule[.]"); *see generally Van Der Linden v. Khan*, 535 S.W.3d 179, 193 (Tex. App.—Fort Worth 2017, pet. denied); *Phelan v. Tex. Tech Univ.*, No. 07-07-00171-CV, 2008 WL 190741, at *5 (Tex. App—Amarillo 2008, pet. denied) (mem. op., not designated for publication); *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 833 (Tex. App.—Fort Worth 2008, no pet.).

Additionally, there was no corroborating evidence indicating the trustworthiness of Paipa's testimony. There was no corroborating testimony that Kit was fighting with Lilly at the time of her murder or that Kit had any motive to murder her. The only evidence is that he was present, which is only a factor from which an inference of guilt may be drawn. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex. Crim. App. 1987). However, by Paipa's own testimony, at least two other people were present at the crime scene at the time Kit allegedly killed Lilly. There was no corroborating witness or evidence pointing to Kit as the murderer. Although Kit did fire a pistol at Folau during the incident, the evidence at trial clearly demonstrated that Lilly was killed by a shotgun, not a pistol, and that Folau had eight shotgun shells in his shorts pocket. Folau thus fails to meet either admissibility prong under Rule 803(24). Because the "newly discovered evidence" is inadmissible hearsay and speculation, Folau fails to meet the third factor.

Folau also alleges that Paipa was a new witness, previously unknown to the defense at the time of trial, which began on March 19, 2018. However, Paipa's identity and status as a potential witness was disclosed to Folau on February 14, 2018. Paipa was also listed as a potential State's witness in the Notice of State's Witnesses on February 21, 2018. Because Paipa's status as a potential witness or person of interest was timely disclosed to Folau, the motion for new trial did not properly present evidence that was unknown at the time of trial. *See Thomas*, 428 S.W.3d at 106; *Garza v. State*, 425 S.W.3d 649, 652 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Ho v. State*, 171 S.W.3d 295, 307 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

To the extent that Folau contends that Paipa was unavailable, he failed to demonstrate that he attempted to obtain Paipa's testimony. To show a failure to discover or obtain evidence was not due to lack of diligence, the appellant must show an attempt was made to obtain the witness's testimony. *Robert v. State*, No. 06-06-00241-CR, 2007 WL 4258163 at *5 (Tex. App.—Texarkana Dec. 6, 2007, no pet.) (mem. op., not designated for publication.). In this instance, there is no indication that Folau sought a subpoena, attachment, bench warrant, or any other form of process. Likewise, Folau did not attempt to call Paipa as a witness at the time of trial. *See Drew*, 743 S.W.2d at 225. Since Paipa was not established as being unavailable at trial, Folau is not entitled to a new trial. We overrule his only issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

/s/ Mike Wallach

Mike Wallach
Visiting Judge

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 13, 2019

8