COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JAMES ARTHUR WELLS, | § | No. 08-23-00098-CR |
| Appellant, | § | Appeal from the |
| v. | § | 104th Judicial District Court |
| THE STATE OF TEXAS, | § | of Taylor County, Texas |
| Appellee. | § | (TC# CR23133-B) |

## **MEMORANDUM OPINION**

A jury convicted Appellant James Arthur Wells of intoxication manslaughter and aggravated assault. On appeal, he challenges only the assessment of a fine and certain court costs. As reformed, we affirm the convictions.

## BACKGROUND[1]

The facts underlying this appeal are tragic. Appellant, while driving a Dodge Challenger at over 125 miles per hour on Texas Highway 36, rear ended a pick-up truck driven by Mark Rogers. Mark's wife Jennifer Rogers and their three children were also in the pick-up. Mark was killed and one of the children seriously injured. Appellant's blood draw taken at the hospital soon

---

[1] This case was transferred from our sister court in Eastland, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

after the accident showed the presence of two benzodiazepines, which are indicative of street drugs. Witnesses described his pre-accident driving as erratic, and his explanation of events soon after the accident was markedly different from the what the physical evidence showed.

A jury found Appellant guilty of intoxication manslaughter under count one of the indictment and aggravated assault with a deadly weapon under count three. In the punishment phase, Appellant pleaded true to an enhancement paragraph, which included a prior conviction for DWI with a child under 15 years of age in the vehicle, and a conviction for sexual assault. The jury assessed punishment at life imprisonment for count one, and 75 years for count three. The jury declined to impose a fine under either count.

The trial court signed two judgments of conviction, one for each of the counts. Both judgments include an assessment of $290 as "court costs" and $260 as a "reimbursement fee." The judgment for aggravated assault includes a fine of $100. Appellant's complaints on appeal pertain only to the assessment of the fine and court costs. He contends the $100 fine that was neither assessed by the jury nor orally pronounced by the trial judge. In a second issue, he claims there is no basis for the $260 reimbursement fee contained in both judgments. Finally, he urges that the $290 court costs charge can only be charged in one, but not both judgments. The State filed a brief that concedes error for the fine and agrees that any duplication of the reimbursement fee and court costs would be error. The State contends the reimbursement fee itself is appropriate.

Both Appellant and the State agree that the appropriate remedy for any error is reformation of the judgments, and not reversal of the conviction.

## DISCUSSION

In his first issue, Appellant complains of the $100 fine included with one of the judgments because the jury did not assess a fine. "Defendants have the right to have a jury assess their

2

punishment." *Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018) (citing TEX. CODE CRIM. PROC. art 37.07, § 2(b)). A trial court generally lacks the power to alter a lawful jury verdict. *Id.*; *State v. Aguilera*, 165 S.W.3d 695, 697 (Tex. Crim. App. 2005) ( en banc) ("Absent a sentence not authorized by the applicable statute, a trial court may not alter a sentence assessed by a jury[.]"). The jury in this case elected not to assess a fine. While the Code of Criminal Procedure allows for a $100 fine for Chapter 49 offenses, this case involves a Chapter 22 offense.[2] Moreover, the oral prouncement of sentence did not include any fine. A fine is punitive and is part of the defendant's sentence, so it "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. Ann. art. 42.03, § 1(a). The State concedes that it was improper to include the $100 fine. We reform the judgment of conviction for the aggravated assault to delete the $100 fine.

Appellant's next issue claims that the two judgments improperly include a reimbursement fee. The gist of Appellant's argument is that the substance of what is being reimbursed is not set out in the judgment or apparent from the record. The imposition of court costs is governed by TEX. CODE CRIM. PROC. ANN. art. 42.16: "If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases." Thus, upon the defendant's conviction, the imposition of court costs is mandatory. *Martinez v. State*, 507 S.W.3d 914, 916 (Tex. App.—Waco 2016, no pet.). In reviewing the assessment of court costs, we determine if there is a basis for the cost, and not if sufficient evidence was offered at trial to prove the cost.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0185(a) ("In addition to the reimbursement fee imposed by Article 102.018, a person convicted of an offense under Chapter 49, Penal Code, except for Sections 49.02 and 49.031 of that code, shall pay a fine of $100 on conviction of the offense.").

*Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App.2014); *Garza v. State*, 425 S.W.3d 649, 653 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The State supplemented our record with the Bill of Costs that show the reimbursement fee of $260 consists of $55 for an initial arrest warrant fee and $205 for witness summons.[3] A fee for an arrest, and issuance of a warrant are expressly authorized by law. TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1), (2). That same statute authorizes a $5 fee for summoning witnesses, along with a separate mileage charge. *Id.* The reporter's record reflects that at trial the State called more than a dozen witnesses. Appellant presents no claim that the amount of the summoning fee is incorrect. We overrule Appellant's challenge to the reimbursement fee to the extent that it challenges the fee *per se*. The Bill of Costs includes only one charge for the reimbursement fee. But because both judgments include the same reimbursement fee, and because the State concedes the fee should be charged only once, we reform the judgment in the aggravated assault judgment to delete the reimbursement fee.

Appellant's last issue complains that both judgments include a $290 charge for court costs. TEX. CODE CRIM. PROC. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."). The Bill of Costs assesses the court costs only once. But again, because both judgments include the same court cost, and because the State

---

[3] By statute, the bill of costs should be delivered to the appeals court. TEX. CODE CRIM. PROC. ANN. art. 103.006. And "when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record" with the bill of costs. *Clerkley v. State*, No. 12-12-00104-CR, 2013 WL 3270866, at *3 (Tex. App. June 25, 2013, pet. ref'd) (mem.op., not designated for publication). The State supplemented our record with the bill of costs.

concedes the court costs should be charged only once, we reform the judgment in the aggravated assault judgment to delete the court costs.

## CONCLUSION

We modify the trial court's Judgment of Conviction for the aggravated assault to delete the imposition of $100 fine, the $260 reimbursement fee, and the $290 court costs. We affirm that judgment in all other respects. We affirm the Judgment of Conviction for the intoxication manslaughter, including the assessment of the reimbursement fee and court costs.

JEFF ALLEY, Chief Justice

December 19, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

5