PD-1482-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/28/2016 3:07:14 PM
Accepted 12/30/2016 1:49:35 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

FILED
COURT OF CRIMINAL APPEALS
12/30/2016
ABEL ACOSTA, CLERK

---

**CHARLES RAY PENIGAR**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1424061D from
Criminal District Court No. One of Tarrant County, Texas,
and Cause No. 02-16-00100-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

A. Clay Graham
TBN: 24064140
Law Offices of A. Clay Graham
The Texas Building
855 Texas St., Ste 120
Fort Worth, TX 76102
817-334-0081 (phone)
817-887-1474 (fax)
aclaygrahamattorney@gmail.com

Lauren R. Crisera
TBN: 24082872
The Texas Building
855 Texas Street, Suite 120
Fort Worth, Texas 76102
Tel: 817-631-0000
Fax: 817-887-4886
Email: Lauren.R.Crisera@gmail.com

Attorneys for Petitioner
Charles Ray Penigar

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list of all parties to the trial court's judgment, and respective trial and appellate counsel:

<u>Presiding Judge</u>
Hon. Elizabeth Beach
Criminal District Court 1
Tarrant County, TX

<u>Attorneys for Appellee</u>          (State of Texas)
Lloyd Whelchel                (at trial)
Ashlea Deener
D. Graham Norris
Debra Windsor                 (on appeal)
Steven Conder
Tarrant County District Attorney's Office
401 West Belknap
Fort Worth, Texas 76196

<u>Attorneys for Appellant</u>
C. Mark Nelon                 (at trial)
1515 Eighth Ave.
Fort Worth, Texas 76104

A. Clay Graham                (on appeal)
Law Offices of A. Clay Graham
The Texas Building
855 Texas St., Ste 120

Lauren R. Crisera
855 Texas Street, Suite 120
Fort Worth, Texas 76102

<u>Petitioner</u>
Charles Ray Penigar

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL..................................................i

TABLE OF CONTENTS.........................................................................ii

INDEX OF AUTHORITIES...................................................................iii

STATEMENT REGARDING ORAL ARGUMENT.................................1

STATEMENT OF THE CASE.................................................................1

STATEMENT OF PROCEDURAL HISTORY.........................................1

GROUNDS FOR REVIEW....................................................................2

REASONS FOR REVIEW.....................................................................2

ARGUMENT.........................................................................................2

      Did the court of appeals err when it held that the jury charge error did not cause egregious harm to Petitioner?..........2

A.    *Facts*................................................................................2

B.    *Opinion Below*...............................................................4

C    *Harm Analysis*..............................................................9

PRAYER FOR RELIEF........................................................................12

CERTIFICATE OF COMPLIANCE.....................................................13

CERTIFICATE OF SERVICE..............................................................13

APPENDIX..........................................................................................14

# INDEX OF AUTHORITIES

*Cases*                                                                                            *page*

*Almanza v. State*,
    686 S.W.2d 157 (Tex. Crim App. 1984)..........................6, 7, 10-11

*Belcher v. State*,
    474 S.W.3d 840 (Tex. App.–Tyler 2015, no pet.)........................10

*Couret v. State*,
    792 S.W.2d 106 (Tex. Crim. App. 1990).................................10, 11

*Gigliobianco v. State*,
    210 S.W.3d 637 (Tex. Crim. App. 2006).......................................10

*Ex parte Menchaca*,
    854 S.W.2d 128 (Tex. Crim. App. 1993).........................................6

*Penigar v. State*,
    No. 02-16-00100-CR, 2016 WL 7405812 (Tex. App.–
        Fort Worth, Dec. 22, 2016, no. pet. h.)
            (mem. op., not designated for publication).....1, 4-5

*Saunders v. State*,
    817 S.W.2d 688 (Tex. Crim. App. 1991).......................................11

*Stuhler v. State*,
    218 S.W.3d 706 (Tex. Crim. App. 2007).........................................6

*Theus v. State*,
    845 S.W.2d 874 (Tex. Crim. App. 1992).........................................6

*Williams v. State*,
    662 S.W.2d 344 (Tex. Crim. App. 1983).........................................6

*Williams v. State*,
    273 S.W.3d 200 (Tex. Crim. App. 2008).........................................6

*Court Rules*

TEX. R. APP. P. 66.3(f)................................................................................2

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading and therefore respectfully waives oral argument.

## STATEMENT OF THE CASE

On August 17, 2015, Charles Ray Penigar ("Mr. Penigar" or "Penigar") was indicted for the felony offense of failure to comply with sex offender registration duties, alleged to have occurred on or about January 9, 2015. [C.R. 5]. On March 1, 2 and 3, 2016, a jury trial was held in Criminal District Court Number One of Tarrant County, Texas. [IV–VIII R.R. *passim*]. The jury found Mr. Penigar guilty as charged in the indictment. [VI R.R. 136]. Punishment was to the jury, which sentenced Mr. Penigar to thirty (30) years incarceration. [VIII R.R. 25]. A Timely Notice of Appeal was filed on March 3, 2016. [C.R. 74].

## STATEMENT OF PROCEDURAL HISTORY

The Second Court of Appeals affirmed Mr. Penigar's conviction on December 22, 2016. *Penigar v. State*, No. 02-16-00100-CR, 2016 WL 7405812 (Tex. App.–Fort Worth, Dec. 22, 2016, no. pet. h.)(mem. op., not designated for publication). This Petition is therefore timely.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

**Did the court of appeals err when it held that the jury charge error did not cause egregious harm to Petitioner?**

## REASONS FOR REVIEW

1.  The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. *See* TEX. R. APP. P. 66.3(f).

## ARGUMENT

### GROUND FOR REVIEW ONE (Restated)

**Did the court of appeals err when it held that the jury charge error did not cause egregious harm to Petitioner?**

**A.** *Facts*

Based on a previous conviction, Appellant had a lifetime duty to register yearly under Chapter 62 of the Texas Code of Criminal Procedure. [V R.R. 42, 56]. Appellant's duty to register began in 1998, while he initially registered with the Fort Worth Police Department in 2005. [V. R.R. 42, 47].

Appellant had a duty to yearly verify his registration within time period between 30 days prior to his birth date and 30 days after his birth date. [V R.R. 39]. Appellant's birth date is December 9, so his

2

window to annually verify his registration is between November 9 and January 8. [V R.R. 39]. On January 13, 2015, Appellant contacted the registration unit of the Fort Worth Police Department to schedule the appointment for December 9, 2014, annual verification. [V R.R. 52]. He was given an appointment date of March 26, 2015. [V R.R. 52]. Appellant failed to appear for that March 26, 2015, appointment. [V R.R. 52]. A warrant was issued for Appellant based on his failure to verify his annual registration, he was arrested on that warrant in August of 2015. [V R.R. 54, 55].

Appellant testified at trial in his own behalf. [VI R.R. 63]. Appellant corroborated that he had an appointment in March of 2015 to verify his annual registration. [VI R.R. 66-67]. He also testified that he was assaulted a few weeks prior to that appointment and rendered unconscious.[1] [VI R.R. 67-68, 92]. As a result of that assault, Appellant suffered a loss of memory to the point where he no longer remembered that he had an appointment on March 26, 2015, to verify his annual

---

[1]

Further evidence showed that Appellant had been brutally assaulted with a baseball bat in October of 2014, in which he had suffered severe head injuries. [VI R.R. 39-40, 105].

3

registration.[2] [VI R.R. 68, 70]. He further testified that he never intended to miss his annual verification appointment. [VI R.R. 71-72, 111].

The trial court's instruction to the jury on guilt/innocence stated in pertinent part:

> ... and you further find that prior to the commission of the offense or offenses set out above the said defendant had been convicted of an offense under Article 62, Texas Code of Criminal Procedure to-wit: failure to register as a sex offender, in Cause Number 1067661 D, on the 26th day of November, 2007, in the Criminal District Court Number One, of Tarrant County. Texas, then you will find the defendant guilty of failure to register as a sex offender with prior conviction for failure to register as a sex offender as charged in the indictment.

[C.R. 49]. Appellant did not object to the jury charge.

The jury found Appellant guilty as charged in the indictment. [VI R.R. 136]. Punishment was to the jury, which sentenced Appellant to thirty (30) years incarceration. [VIII R.R. 25].

**B.    *Opinion Below***

The Second Court of Appeals admitted that the trial court's charge to the jury on guilt/innocence was erroneous. *Penigar*, 2016 WL

---

[2]

The evidence at trial showed that Appellant gave a written statement when he was arrested on the instant offense in which he swore that he had lost his memory regarding his appointment to verify his annual registration set for March of 2015. [VI R.R. 69-70].

4

7405812 at \*3. The lower court then performed a perfunctory analysis under the *Almanza* factors, and essentially held that since the evidence presented by the State pertaining to the instant offense was sufficient to prove Appellant's guilt, the taint cast upon the trial due to the erroneous jury charge did not rise to the level of "egregious" harm. *Id*. The opinion ignored the inflammatory and prejudicial effect the evidence of Appellant's prior conviction for the identical offense would have on the minds of the jury–evidence which was admissible in part due the trial court considering the prior conviction to be an element of the instant offense; said belief being manifested in the jury charge.

## C.    *Harm Analysis*

As the State and the court below admitted that the charge was erroneous, only a harm analysis is necessary here.

This Court has held that

> Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

5

*Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)(citations omitted). The first *Almanza* factor is "the entire jury charge." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim App. 1984). In this case, the substance of the charge consisted of three pages, two of which referenced and informed the jury of Appellant's prior conviction for failing to register as a sex offender.[3] [C.R. 48, 49]. The jury was thus further bombarded with the prejudicial fact of Appellant's prior conviction for the very same offense that the jury was deliberating. *See Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983) (recognizing "inherently prejudicial" nature of extraneous offense evidence); *see also Ex parte Menchaca*, 854 S.W.2d 128, 132-33 (Tex. Crim. App. 1993) (recognizing prejudicial effect of allowing jury to hear defendant had prior conviction for same offense for which he was being tried). This factor weighs in favor of Appellant.

The second *Almanza* factor is "the state of the evidence, including

---

[3]

Even though Appellant's testimony arguably rendered the fact of the prior conviction admissible for impeachment purposes, a limiting instruction to the jury would have been granted by the trial court had one been requested. *See e.g., Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). Since a limiting instruction was not requested by Appellant, the trial court was under no obligation to include such an instruction in the charge. *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008).

the contested issues and weight of probative evidence." *Almanza*, 686 S.W.2d at 171. The State of the evidence showed that Appellant had a duty to register yearly for the rest of his life; that he had done so for a number of years; that he failed to register as alleged in the indictment; but that multiple assaults inflicted upon him had interfered with his ability to present himself to the registering authority initially, and impaired his memory of his duty to register secondarily. Of note, the State felt it relevant to this case to present evidence to the jury of Appellant's 2007 conviction for failure to register. [V R.R. 78; VI R.R. 23-28; IX R.R. St. Exs. 1, 2, 5, 6]. This factor weighs neither for nor against Appellant.

The third *Almanza* factor is "the argument of counsel." *Almanza*, 686 S.W.2d at 171. From the very beginning of this case in its opening statement, the State emphasized Appellant's prior conviction for failing to register, stating:

> And what you're going to learn is that he had a requirement, a duty to register as a sex offender. You're going to learn that he understood that requirement. This is not something where he didn't understand what was required of him. Okay. This has been the case since 1990. Okay. What you're going to hear about is the fact that he's done this before. He failed to register in 2007 and was convicted of that. What you're going to further hear about

7

is that this past year, he decided to do it again.

[V R.R. 9].

In its closing argument, the State again reminded the jury:

What you also heard is in 2007, he was convicted of not complying with those registration requirements. That's already happened. He's already done time for that. So we've proved that, and you've got the official court document there.

[VI R.R. 120-21].

In response, counsel for Appellant was forced to discuss the prior conviction as well, stating:

Why are we here? They allege that in 2007, Mr. Penigar failed to register. In 2007, Mr. Penigar, in this court, different judge, walked into court and said, I'm guilty. I messed up. I'm willing to go to prison because I made a mistake. I messed up. He fully admitted it. The State is right. He could have marched in here and demanded a jury trial, but he didn't. He said, I'm guilty, I will go to prison for that, and he did. He admitted that on the stand.

[VI R.R. 126].

The State returned to that same well once again in it's closing argument:

So I guess we should just give him credit for committing sexual assault and pleading guilty to it. And I guess we should let him off of this for back in 2007 for pleading guilty ... So I guess by Defense attorney's argument, what we're here today to do is say let him off because he took

8

responsibility and he pled guilty before. Maybe now -- maybe now the State is not willing to do an offer, what we were before, because when you continue to make these kind of mistakes, we learn. It is my job to protect each and everyone of us, our community, our children, those that don't know about him. That is why we have these laws in place. And for Defense counsel to act like there is some reason we should give him a way out because he pled guilty to these offenses doesn't make any sense. The fact that now he doesn't want to take responsibility for it and he wants to come up with stories as to what happened, that doesn't mean he gets a free pass. Every time somebody is charged with failure to register as a sex offender, why don't they just come up hereand say they got hit in the head, because that's what they're asking you to do. They're asking you to walk him out of the door, not hold him responsible because he has come up with a story that he was assaulted. That's not what the law says.

[VI R.R. 129-31].

Finally, the last argument the jury heard in this case–and again made possible only because the trial court's jury charge contained the prior conviction as an element of the charged offense:

When you look at all of the evidence in this case, it is very clear that we're asking you to hold him responsible for what happened in the choices that he made. We're going to ask you to find him guilty of failing to register with a prior conviction of failure to register. Thank you.

[VI RR. 135].

That the State repeatedly emphasized the prior conviction is understandable; evidence of a prior conviction often unfairly sways

9

jurors to convict–that's why propensity evidence is generally excluded.

*See e.g., Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.–Tyler 2015, no pet.) (recognizing highly prejudicial nature of propensity evidence). Here, the State never tired of confronting the jury with Appellant's prior failure to register conviction; the record shows that the closing arguments comprised only seventeen pages of transcript, [VI R.R. 119 35], yet various references to that prior conviction appears on seven of those seventeen pages. [IV R.R. 120-21, 126, 129-31, 135]. The State's focus on Appellant's prior record would tend to distract or confuse the jury, leading it to believe that Appellant was on trial for being a criminal generally. *See e.g., Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006) ("Evidence that consumes an inordinate amount of time to present or answer, for example, might tend to confuse or distract the jury from the main issues."); *Couret v. State*, 792 S.W.2d 106, 107 (Tex. Crim. App. 1990) (holding that a defendant has a right to be tried for the offense for which he is charged, and not for some collateral crime or for being a criminal generally). This factor weighs in favor of Appellant.

The fourth *Almanza* factor is "any other relevant information

10

revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. There was no other relevant information presented at trial which is necessary to determining this point of error.

In sum, the erroneous jury charge not only allowed the jury to consider Appellant's prior conviction at the guilt stage for all purposes, the issue allowed the jury to convict Appellant for being a criminal generally. *See Couret*, 792 S.W.2d at 107. This circumstance was exacerbated by the State's repeated and continuous reference to the prior registration offense–in large part legitimated by the inclusion of the prior conviction as an element of the offense as instructed by the trial court's charge to the jury. The inclusion of the prior conviction in the charge on guilt/innocence vitally affected Appellant's defensive theory, and made the case for conviction clearly and significantly more persuasive. *See Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991); *see also Almanza*, 686 S.W.2d at 172. Under the facts presented at trial and as shown above, Appellant suffered egregious harm due to the defective jury charge, requiring the lower court to reverse the conviction. *Almanza*, 686 S.W.2d at 171. Because the lower court failed to do so, this Court has the opportunity to correct that error and should grant the Petition.

11

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that alternatively, this Court vacate the opinion of the Second Court of Appeals and remand for full consideration of Petitioner's complaint on appeal; or remand to the trial court for new trial.

Respectfully submitted,

/s/ A. Clay Graham
A. Clay Graham
TBN: 24064140
Law Offices of A. Clay Graham
The Texas Building
855 Texas St. Ste 120
Fort Worth, TX 76102
817-334-0081 (phone)
817-887-1474 (fax)
Email:aclaygrahamattorney@gmail.com

Lauren R. Crisera
TBN: 24082872
The Texas Building
855 Texas Street, Suite 120
Fort Worth, Texas 76102
Tel: 817-631-0000
Fax: 817-887-4886
Email: Lauren.R.Crisera@gmail.com
Attorneys for Petitioner
Charles Ray Penigar

12

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,388.

/s/ A. Clay Graham
A. Clay Graham

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the Tarrant County District Attorney and the State Prosecuting Attorney listed below pursuant to Rule 9.5(b)(1) of the Texas Rules of Appellate Procedure through the electronic filing manager, as opposing counsel's email address is on file with the electronic filing manager, on this 27th day of December , 2016.

/s/ A. Clay Graham
A. Clay Graham

Debra Windsor
Tarrant Co. District Atty's Office
401 West Belknap
Fort Worth, Texas 76196

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711-3046

## **APPENDIX**

1.     Opinion of the Second Court of Appeals, December 22, 2016.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00100-CR

CHARLES RAY PENIGAR                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1424061D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Charles Ray Penigar appeals his conviction for failing to comply with sexual-offender registration requirements.  In three points, Penigar argues that the judgment incorrectly states that he was convicted of a first-degree felony; that the jury charge erroneously contains a prior conviction as an element of the

----

[1]See Tex. R. App. P. 47.4.

instant offense; and that Texas Local Government Code section 133.102(a)(1), under which Penigar was assessed a $133 "consolidated court cost," is facially unconstitutional. Because the judgment incorrectly lists the felony offense level as a first-degree felony, we will modify the judgment to reflect that Penigar was convicted of a third-degree felony and affirm the judgment as modified.

## II. BACKGROUND

In 1988, Penigar was convicted of sexual assault of a child and was placed on probation for six years. Two years later, Penigar's probation was revoked for failing to report to his probation officer, and he was sentenced to six years' imprisonment.

Due to his conviction for sexual assault of a child, Penigar was required to register as a sex offender for life and to annually verify his registration during a sixty-day window running from thirty days before to thirty days after his birthday. *See* Tex. Code Crim. Proc. Ann. art. 62.101(a)(1) (West Supp. 2016) (setting forth lifetime registration requirement); *see also id.* art. 62.001(5), (6) (West Supp. 2016) (providing definitions of terms used in article 62.101). Because Penigar's birthday is December 9, he was required to verify his registration between November 9 and January 8 each year. Penigar began his annual registration as a sex offender in 1998. In 2007, Penigar was convicted for failing to comply with his sexual offender registration requirements and was sentenced to two years' confinement.

2

In the current case, a jury convicted Penigar of failing to comply with his sexual offender registration requirements after he failed to verify his registration in 2014. The jury also found that Penigar was a habitual offender, having been previously convicted of possession in December 1991 and in July 2000. The trial court sentenced Penigar to thirty years' imprisonment. Penigar then perfected this appeal.

### III. ERROR IN THE JUDGMENT

In his first point, Penigar argues that the judgment incorrectly states that he was convicted of a first-degree felony. The State agrees that the judgment incorrectly classifies the felony offense level and that the judgment should be modified.

Here, Penigar was charged with failing to report to the local law enforcement authority or to verify his sexual-offender registration on or about January 9, 2015. The failure to annually verify sexual offender registration is a third-degree felony, which is punishable by imprisonment for not more than ten years or less than two years. *Id.* art. 62.102(b)(2) (West Supp. 2016); Tex. Penal Code Ann. § 12.34(a) (West 2011). Penigar's prior failure-to-register conviction from 2007 does not increase the severity level or grade of the current offense; instead, it increases only the punishment level of the current offense. *See* Tex. Code Crim. Proc. Ann. art. 62.102(c); Tex. Penal Code Ann. § 12.33(a) (West 2011) (stating that punishment range for a second-degree felony is imprisonment for not more than twenty years or less than two years); *Ford v. State*, 334 S.W.3d

3

230, 234–35 (Tex. Crim. App. 2011). Moreover, the jury's habitual-offender finding—that Penigar is a habitual offender due to his two prior possession convictions from 1991 and 2000—increased the punishment range to twenty-five to ninety-nine years' or life imprisonment, but the habitual-offender finding did not increase the felony offense level. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2016).

Accordingly, we hold that the judgment incorrectly classifies the felony offense level as a first-degree felony, we modify the judgment to reflect that Penigar was convicted of a third-degree felony,[2] and we sustain Penigar's first point. *See* Tex. R. App. P. 43.2(b); *Garza v. State*, 298 S.W.3d 837, 845 (Tex. App.—Amarillo 2009, no pet.) (modifying judgment to correct felony offense level).

## IV. THE JURY CHARGE ERROR DOES NOT CONSTITUTE EGREGIOUS HARM

In his second point, Penigar argues that the jury charge improperly included his prior conviction for failing to register as a sex offender as an element of the current offense. Penigar further argues that he suffered egregious harm due to the defective charge.

---

[2]Penigar does not challenge the legality of his thirty-year sentence, which falls within the punishment range after his punishment was enhanced due to the habitual-offender finding. *See id.*

4

## A. Standard of Review

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.* Unpreserved charge error warrants reversal only when the error resulted in egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006). The appropriate inquiry for egregious harm is fact specific and must be performed on a case-by-case basis. *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. *See generally Gelinas*, 398 S.W.3d at 708–10 (applying *Almanza*). Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at

172).  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  *Almanza*, 686 S.W.2d at 174.

## B.  The Law on Using Prior Convictions to Enhance Punishment

A prior conviction for failing to register as a sex offender increases the punishment level of the current offense to the next highest degree of felony.  Tex. Code Crim. Proc. Ann. art. 62.102(c).  A prior conviction alleged for enhancement "is not really a component element of the primary offense" but is instead a historical fact to show the persistence of the accused and the futility of ordinary measures of punishment as related to him.  *Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005).  An enhancement increases the punishment range to a certain range above that ordinarily prescribed for the indicted crime.  *Id.*  It does not change the offense, or the degree of the offense, of conviction.  *Id.*  There can be no enhancement until a person is first convicted of an offense of a certain degree.  *Id.* at 233–34.

## C.  Error in the Charge

Here, Penigar complains of the following application paragraph that the trial court included in the jury charge at guilt-innocence:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of January, 2015, in Tarrant County, Texas, Charles Ray Penigar, did then and there intentionally or knowingly fail to report to the local law enforcement authority, to-wit: the police department of the City of Fort Worth, Texas, to register or verify registration under the sex offender registration program of Chapter 62 Texas Code of Criminal Procedure not earlier than the 30th day before and not later than the 30th day after the anniversary of the defendant's date of birth to verify the information in the

6

registration form maintained by said law enforcement authority, and the defendant had a reportable conviction or adjudication namely, sexual assault, in Cause Number 0328153, on the 22nd day of February, 1990, in the 297th District Court of Tarrant County, Texas, and said defendant's duty to register expires under Article 62.101(a), of the Texas Code of Criminal Procedure[], *and you further find that prior to the commission of the offense or offenses set out above the said defendant had been convicted of an offense under Article 62, Texas Code of Criminal Procedure, to-wit: failure to register as a sex offender, in Cause Number 1067661D, on the 26th day of November, 2007, in the Criminal District Court Number One, of Tarrant County, Texas,* then you will find the defendant guilty of failure to register as a sex offender with prior conviction for failure to register as a sex offender as charged in the indictment. [Emphasis added.]

Here, the State concedes that the inclusion of Penigar's prior failure-to-register conviction in the guilt-innocence charge as a component element of the offense was error because "[t]here can be no enhancement until a person is first convicted of an offense of a certain degree." *See id.*

## D. The *Almanza* Factors Weigh Against a Finding of Egregious Harm

Because Penigar stated that he had no objections to the charge, we will reverse only if the error resulted in egregious harm. *See Nava*, 415 S.W.3d at 298; *Almanza*, 686 S.W.2d at 171. Here, the jury charge held the State to a higher burden than that required by article 62.102 because in order for the jury to find Penigar guilty, the State was required to prove beyond a reasonable doubt that Penigar had failed to comply with sex offender registration requirements in 2015 and in 2007. The state of the evidence from the trial revealed that Penigar was convicted of sexual assault of a child in 1988; that sexual assault of a child is a reportable conviction requiring lifetime registration; that Penigar was required to

7

report between November 9, 2014, and January 8, 2015; that Penigar knew of his duty to register annually; that Penigar had made an appointment to complete his annual registration verification; and that Penigar did not show up for his appointment or make any contact with the Fort Worth Police Department prior to his arrest on an outstanding warrant in August 2015. The evidence therefore conclusively established Penigar's current failure-to-register violation. *See Tatum v. State*, 431 S.W.3d 839, 843 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding evidence sufficient to support conviction for failure to register). During closing argument, Penigar's counsel reiterated Penigar's testimony during which he had "fully admitted" that he had previously failed to register in 2007. The State made clear during its final closing argument that the current trial was "not about punishing [Penigar] for . . . failing to register before [in 2007]" and that it had only put on evidence of the 2007 conviction for failing to comply with sex offender registration requirements because the State believed that the prior conviction was an element of the current offense. With regard to other relevant information, the record demonstrates that both the State and the defense referenced the 2007 failure-to-register conviction during voir dire, treating it as if it were an element of the current offense from the outset of the trial. Having examined the four *Almanza* factors, we conclude that the erroneous inclusion of Penigar's prior failure-to-register conviction, which increased the State's burden, did not egregiously harm Penigar. *See* 686 S.W.2d at 171; *Jackson v. State*, 285 S.W.3d 181, 184 (Tex. App.—Texarkana 2009, no pet.) ("[G]iven the fact that the

8

jury had already been made aware of all this information from the very outset of the trial, it is difficult to imagine how a later delivery of the same information by including it in the charge on guilt/innocence could be harmful."). Accordingly, we overrule Penigar's second point.

### V. TEXAS LOCAL GOVERNMENT CODE SECTION 133.102(A)(1) IS NOT FACIALLY UNCONSTITUTIONAL

In his third point, Penigar argues that section 133.102(a)(1) of the Texas Local Government Code, under which a $133 "consolidated court cost" was assessed against him, is facially unconstitutional. Specifically, Penigar argues that the assessment of the $133 "consolidated court cost" against him violates the Separation of Powers Clause of the Texas constitution.

The State argues that Penigar waived his right to challenge the imposed consolidated court cost—a nonsystemic, nonpenal challenge—because he raises it for the first time on appeal. But we conclude, as we have in the past, that Penigar may raise his complaint on appeal, even though he did not raise it to the trial court, because the $133 "consolidated court cost" was not imposed in open court or itemized in the judgment. *See, e.g.*, *Ingram v. State*, No. 02-16-00157-CR, 2016 WL 6900908, at *2 (Tex. App.—Fort Worth Nov. 23, 2016, pet. filed); *Rogers v. State*, No. 02-16-00047-CR, 2016 WL 4491228, at *1 (Tex. App.—Fort Worth Aug. 26, 2016, pet. filed) (mem. op., not designated for publication) (both cases relying on *London v. State*, 490 S.W.3d 503, 506–07 (Tex. Crim. App.

9

2016)). But even though Penigar did not waive his argument, it is unavailing in light of this court's recent holding in *Ingram*. *See* 2016 WL 6900908, at *3.

The $133 "consolidated court cost" at issue was authorized by the local government code. Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2016). With his facial challenge, Penigar has the burden to establish this statute's unconstitutionality. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016). To successfully do so, Penigar must establish that no set of circumstances exists under which this statute would be valid. *See id.* We look for an interpretation that supports and upholds a statute's constitutionality unless the contrary interpretation is clearly shown. *See id.* Regarding statutes authorizing the imposition of court costs against criminal defendants, the court of criminal appeals has specified that for such statutes to pass constitutional muster, they must "provide[] for an allocation of . . . court costs to be expended for legitimate criminal justice purposes," which are ones that "relate[] to the administration of our criminal justice system." *Id.* at 517–18.

Regarding section 133.102(a)(1)'s $133 "consolidated court cost," Penigar asserts that three of the fourteen prescribed percentage allocations for the $133 are not legitimate criminal-justice purposes. Specifically, he points to (1) the allocation of 5.0034% to "law enforcement officers standards and education," which is now collected into an account in the general revenue fund; (2) the allocation of 9.8218% to "comprehensive rehabilitation," which is spent at the

direction of an agency in the executive branch; and (3) the allocation of 0.0088% to a fund for "abused children's counseling" with no statutory direction to which State account the percentage should be directed. *See* Tex. Loc. Gov't Code Ann. § 133.102(e)(1), (5), (6). We follow our decision in *Ingram* in which we concluded, as have other courts of appeals, that these three enumerated designated uses as written are related to the administration of the criminal justice system and that the legislature's directive to the comptroller to disburse those monies from the general revenue fund for those uses passes constitutional muster. *See* 2016 WL 6900908, at *3 (citing *Salinas v. State*, 485 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2016, pet. granted); *Penright v. State*, 477 S.W.3d 494, 497–500 (Tex. App.—Houston [1st Dist.] 2015, pet. granted); *Denton v. State*, 478 S.W.3d 848, 851–52 (Tex. App.—Amarillo 2015, pet. ref'd) (concluding section 133.102 did not violate Takings Clause of Texas constitution)). Accordingly, Penigar has failed to carry his burden to establish that section 133.102 cannot operate constitutionally under any circumstance, i.e., that the statute is invalid in all possible applications. *See id.* (citing *McAfee v. State*, 467 S.W.3d 622, 645–47 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *O'Bannon v. State*, 435 S.W.3d 378, 381–82 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).

We overrule Penigar's third point.

11

## VI. Conclusion

Having sustained Penigar's first point, we modify the judgment to reflect that Penigar was convicted of a third-degree felony. Having overruled Penigar's remaining points, we affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER and MEIER, JJ.; KERRY FITZGERALD (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 22, 2016



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00100-CR

| | | |
|---|---|---|
| Charles Ray Penigar | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1424061D) |
| v. | § | December 22, 2016 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. The judgment is modified to reflect that Penigar was convicted of a third-degree felony. It is ordered that the judgment of the trial court is affirmed as modified.

SECOND DISTRICT COURT OF APPEALS

By __/s/ Sue Walker_____
      Justice Sue Walker